PER CURIAM.
The appellant was informed against by an information charging him with the crime of robbery. He pleaded not guilty and demanded a jury trial, which resulted in an adverse verdict. Following adjudication and sentence thereon, this appeal has been prosecuted. The following points are preserved for review: First, that the court erred in admitting “lineup” identification evidence at the time of trial. Second, that the trial court erred in refusing to give charges relating to lesser included offenses. Third, that the trial court erred in permitting the jury to separate between the time of instructions but prior to their retiring for deliberation. We find no merit in any of these contentions, and affirm.
As to the first point, the identification involved occurred prior to the Supreme Court’s decision in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and these criteria were not to be applied retroactively. See: Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Plus, it is apparent that the defendant was accorded all the necessary constitutional warnings as outlined in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. See also: Shepard v. State, Fla.App.1968, 213 So.2d 11, (opinion filed July 31, 1968).
As to the second point, no request for charges on lesser included offenses was presented to the trial court. Therefore, we find no error in failing to so instruct. Flagler v. State, Fla.1967, 198 So.2d 313; Brown v. State, Fla.1968, 206 So.2d 377; Burkhead v. State, Fla.App. 1968, 206 So.2d 690.
*730 The third point is not well taken, in view of § 919.02, Fla.Stat., F.S.A., and Rule 1.380(b), Florida Rules of Criminal Procedure, 33 F.S.A. The separation in the instant case occurred between the termination of the instructions and the time the jury retired. The jury had not been confined together during the pendency of the trial and, therefore, there was no requirement that they be confined between the termination of the instructions and the time they retired to consider their verdict.
Therefore, for the reasons above stated, the verdict, adjudication, and sentence here under review be and the same is hereby affirmed.
Affirmed.