HENDRY, Judge.
Appellant was informed against and convicted of the crime of grand larceny. The appellant’s first point on appeal is directed to whether or not his conviction for grand larceny was supported by substantial and competent evidence.
The appellant was charged with the theft of one hundred and forty-six silver dollars, a valuable watch, and other coins and jewelry of value exceeding one hundred dollars. Evidence in the form of witnesses’ testimony was presented to the trial judge, who, sitting in his capacity as trier of fact, certainly had before him sufficient and competent evidence to support a conviction under the grand larceny statute. § 811.021 Fla.Stat., F.S.A. Crum v. State, Fla.App. 1965, 172 So.2d 24.
The appellant has also questioned his conviction on the grounds that the element of ownership of the stolen goods was not definitely demonstrated by the state. In Wilcox v. State, Fla.App.1966, 183 So.2d 555, the court stated:
“The general rule is that where personal property is taken feloniously from any bailee the ownership may be laid in the information either in the possessor or the real owner at the election of the pleader. [Citing cases.] The purpose for an allegation and proof of ownership is to show that the property belongs to one other than the accused.”
The description of the stolen property contained in the information, along with the names and owners thereof, are stated primarily as a matter of description and identification. Hearn v. State, Fla.1951, 55 *465 So.2d 559, 28 A.L.R.2d 1179. All that was necessary to show that the felony of grand larceny had been committed by the defendant with regard to the stolen property was to demonstrate that a superior possessory interest to that of the defendant existed in another person. The record on appeal contains sufficient and competent evidence upon which the judge, as trier of fact, could make such a finding. Matera v. State, Fla. App.1969, 218 So.2d 180.
For the above reasons, the conviction being appealed is hereby affirmed.