PER CURIAM.
The Defendant appeals his conviction of assault and battery and resisting arrest with violence from the Criminal Court of Record In and For Dade County, Florida.
Among the other points raised on appeal, the defendant urges that the trial judge committed error in refusing to grant a mistrial after one of the jurors joined in a conversation with someone outside of the courtroom concerning matters relating to the trial. After final argument to the jury had been made by counsel for the state and defense, but before instruction by the court, the jury was excused and the defense brought the matter of the conversation with the juror to the attention of the court. The jury was brought back in, given instructions by the court, and sent out to deliberate their verdict. Counsel for the defendant made a motion for mistrial whereupon the judge called each juror back into the courtroom individually and questioned them as to whether or not they had had any conversation with anyone regarding the case. After each juror insisted no conversation took place, they were excused to continue their deliberation. Later, the jury was brought back in collectively and told of the witness’ statement concerning the alleged conversation whereupon one of the jurors indicated that he had engaged in conversation with someone out of the courtroom. The five remaining jurors were excused and sent back to the jury room. After further questioning, the remaining juror was excused to return to the jury room to continue deliberations with the remainder of the jury. Subsequently, the juror was called back into the courtroom" to be questioned in regard to the alleged conversation. After the questioning and as he was returning to the jury room, the juror advised the court that the jury had arrived at a verdict. After awhile, the jury was sent to the coffee shop and given the opportunity to obtain refreshments, however, they were instructed to stay together. Upon their return their verdict of guilty as charged was made known.
It is patently clear from the record that the jury could not have deliberated, under the circumstances as set out in the record, free from all outside or improper influences as is necessary to an impartial trial. Owens v. State, 68 Fla. 154, 67 So. 39 (1914).
The right of a defendant to have a jury deliberating his guilt or innocence free from any distractions, outside or improper influences is a paramount right which must be closely guarded. We feel the court should have abided by its expressed inclination to grant a mistrial, and therefore the case should be remanded to the lower court for a new trial. In view of this holding, we need not consider the assault and battery separately. We reverse the conviction on each count.
The other points raised on appeal do not need to be considered in view of this opinion.
Reversed and remanded for new trial.