435 So.2d 911 (1983)
Reynaldo Andres DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-827.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Rehearing Denied August 24, 1983.
*912 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was charged in a three count information with burglary, sexual battery, and robbery. At the close of trial, the jury began its deliberations, and after approximately three hours reported a deadlock. Defense counsel was absent from the courthouse and the trial court conferred with him by telephone. Pursuant to counsel's consent and a waiver of his presence, the trial court gave the jury an Allen charge in defendant's presence but with his lawyer absent. The court added to the standard charge by telling the jurors that they should think and reflect about the case overnight in their own home surroundings. On discharging the jury for the evening, the court did not admonish the jurors concerning avoiding outside influences. That evening a Fort Lauderdale newspaper published an article prejudicial to appellant where he was described as a known rapist involved in other crimes. The following morning, the jury reconvened and in less than an hour found appellant guilty of all three charges. Defense counsel filed a motion to interview jurors as to whether they had been exposed to the article and to determine whether a legal ground existed to challenge the verdicts. The trial court denied this motion. Appellant was sentenced to life imprisonment plus thirty years for the three crimes.
Appellant raises four points on appeal, three of which merit discussion. In one point, appellant contends that fundamental error occurred during the trial when proceedings were conducted in front of the jury in the absence of defense counsel when there was no waiver or ratification by appellant of the absence of his counsel during a critical stage of the trial court proceedings. Appellant is referring to his counsel's absence when the trial court gave the jury the Allen charge. Appellant argues the trial court breached its duty to protect appellant's right to counsel by allowing counsel to waive his presence. Although we find defense counsel's conduct to be outrageous, we refuse to lay the blame at the foot of the trial court. Counsel represented appellant; it was his duty to protect appellant's right to counsel. Although we choose not to reverse on this point, we note that appellant has yet to assert a 3.850 claim for ineffective assistance of counsel.
We now address two interrelated points raised by appellant. Initially, appellant contends that the trial court erred in permitting the jury to separate for an overnight recess of sixteen hours after deliberations had begun without admonishing the jury to avoid any outside influences. Next, appellant urges error in the denial of his motion to interview the jurors to determine whether the verdict was subject to legal challenge because of the prejudicial newspaper article that appeared on the evening of the recess. Appellant relies on Raines v. State, 65 So.2d 558 (Fla. 1953). In that case, the trial court sent the jury home for fifteen hours in the midst of their deliberations without the consent of counsel, without any instructions, and without the protection of a bailiff. The Supreme Court found this to be error even though no objection was made and no prejudice was shown because "It imposes too great a burden on defendant to produce evidence of prejudice to his rights under such circumstances." At 560. The state attempts to distinguish this case, pointing out that there was no mention of the jury being admonished at any time during the trial. In the present case, the jury was admonished on outside influences earlier during the two-day trial. It *913 appears that one of the major reasons the Supreme Court ordered a new trial in Raines was because defendant had no means of proving prejudice. Here, prejudice, or lack thereof, could easily have been shown if the trial court had allowed appellant to interview the jurors. The absence of an admonition following an Allen charge on the verge of an evening recess cannot be minimized. The trial court denied the motion to interview jurors re the newspaper article which appeared the evening before because he characterized it as mere speculation. We disagree. This was not a "fishing expedition" as the state argues. Appellant had a valid reason for his motion in that the jury was deadlocked either three-three or four-two on all three counts the evening before.[1] The next morning after an Allen charge and no admonition the jury found appellant guilty of all three counts in less than one hour. Under these circumstances we hold the motion to interview should have been granted. We have considered all other appellate arguments and find them to be without merit. Rather than reverse for a new trial on the juror interview issue, we remand the matter to the trial court to reconvene the jury to ascertain whether any juror had read the newspaper article or had conducted himself or herself improperly in any other respect regarding outside influences. If a juror admits to improper conduct, appellant must be awarded a new trial. However, if the conduct of the jury was satisfactory during the time of recess, appellant's conviction should stand. If the required inquiry cannot be accomplished the defendant should be granted a new trial.
REMANDED FOR FURTHER PROCEEDINGS.
DOWNEY and HERSEY, JJ., concur.
NOTES
[1] The trial court made a specific inquiry in this regard at the time of the Allen charge.