PACK, R. WALLACE, Associate Judge.
Appellant Linwood Crain was convicted of second degree murder in the death' of Kathy Lee. He raised several points on appeal, the only one of which concerns us is the denial of his motion to suppress physical evidence. We conclude that the trial judge improperly admitted the evidence and reverse and remand for a new trial.
On August 31, 1983, the Appellant lived in a structure located on a pier immediately south of Willie’s Crab Hut in Hillsborough County, Florida. Living with him were his sister and brother-in-law, Wanda and Johnnie Rodriguez. The Appellant lived in this structure with the permission of Doris Browning, manager of Willie’s Crab Hut.
Michael McAllister, the lead detective investigating the death of Kathy Lee, had information that shortly before Kathy Lee had been reported missing she was seen with Linwood Crain. Detective McAllister considered Crain a possible witness — not a suspect — and attempted to find and interview him. At Willie’s Crab Hut the detective made contact with Crain’s sister Wanda and was told by her that she had not seen Crain for two years. Detective McAl-lister next approached the pier upon which the structure was located and encountered Johnnie Rodriguez who, when asked the whereabouts of Linwood Crain, reluctantly motioned with his finger toward the structure. The detective then made his way along the pier to the structure where he opened the door, announced “Police Officers”, stuck his head in and observed Crain lying on a mattress and covered with a blanket.
After McAllister entered the hut Crain made some motions and noises under the covers causing McAllister to think that Crain was disrobing. Crain then stood up naked and put on a pair of blue jeans. Tangled up in the blanket McAllister saw a pair of girl’s panties and asked Crain what they were. Crain responded that he did not know. These panties were then seized by McAllister. Crain was taken to the police station, where he became a suspect after his alibi and statements conflicted with those of other witnesses.
The physical evidence seized from Crain’s home should have been suppressed by the trial court. The detective conducted a warrantless, nonconsensual search of the home. Although the state argues that the cotenant, Johnnie Rodriguez, consented to the search, such clearly was not the case. All Rodriguez did was to point in the direction of the hut after being questioned about Linwood Crain; that gesture did not constitute consent.
*587 No other exceptions to the warrant requirement existed. The detective admitted that Crain was not even a suspect at the time of the seizure of the panties, so there was no probable cause to search and there were no exigent circumstances requiring a search without a warrant. In fact, at the time of the search the police had no reason to seize the panties inasmuch as panties had been found on top of the victim’s body when it was discovered. It was only later when the police learned that the victim wore two pairs of panties when menstruating that this seizure of the Crab Hut panties became an issue. Accordingly we reverse the judgment of second degree murder and remand this case for a new trial.
With one possible exception, the Appellant’s other points on appeal are without merit. We do note that Appellant has argued that the trial judge erred in failing to sequester the jury when it took an overnight recess after deliberations had begun. The recent case of Livingston v. State, 458 So.2d 235 (Fla.1984), held that “in a capital case, after the jury’s deliberations have begun, the jury must be sequestered until it reaches a verdict or is discharged after being ultimately unable to do so.” This point on appeal becomes moot in light of our ruling on the suppression issue, because the defendant will be retried for second degree murder and Livingston will no longer be applicable.
Reversed and remanded for a new trial.
CAMPBELL, A.C.J., and LEHAN, J., concur.