498 So.2d 938 (1986)
Paul Beasley JOHNSON, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 68319.
Supreme Court of Florida.
December 11, 1986.
Rehearing Denied January 9, 1987.
Larry Helm Spalding, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Paul Johnson, a Florida prisoner under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const. We grant the writ and remand for a new trial.
A jury convicted Johnson of, among other things, three counts of first-degree murder and recommended that he be sentenced to death. The trial court imposed three death sentences on Johnson, and we affirmed his convictions and sentences. Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). The governor signed Johnson's death warrant in January 1986, and Johnson subsequently filed the instant petition.
Johnson raises two claims in this petition. First, he argues that this Court should stay his execution because the United States Supreme Court is currently considering the constitutionality of "death qualifying" juries in Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). We have previously found this issue to be without merit. Kennedy v. Wainwright, 483 So.2d 424 (Fla.), cert. denied, ___ U.S. ___, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986). Moreover, after Johnson filed this petition, the Supreme Court decided Lockhart adversely to his position. ___ U.S. ___, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).
As his second point, Johnson claims that he received ineffective assistance of appellate counsel. We granted the requested stay so that oral argument could be presented on the second issue. After reviewing this matter we conclude that relief is warranted.[*]
*939 Several hours after the jury had begun its deliberations on Johnson's guilt or innocence, the trial court allowed the jury to separate for the night. Johnson's trial counsel objected to this separation and requested that the jury be sequestered overnight. The court denied both the objection and the request. The following morning trial counsel again objected to the procedure and moved for a mistrial. The court denied the motion. Appellate counsel did not raise this separation of the jury as an issue on appeal.
In making the instant claim of ineffective assistance of appellate counsel Johnson relies on Livingston v. State, 458 So.2d 235 (Fla. 1984), and Raines v. State, 65 So.2d 558 (Fla. 1953). In Livingston we held that "in a capital case, after the jury's deliberations have begun, the jury must be sequestered until it reaches a verdict or is discharged after being ultimately unable to do so." 458 So.2d at 239. Livingston relied on Raines, wherein this Court reversed for a new trial when the jury had been allowed to separate for fifteen hours after beginning to deliberate. Even though we did not file Livingston until a year after we affirmed Johnson's convictions and sentences, Raines embodied the law at the time of Johnson's trial and appeal. Under Raines reversible error occurred during Johnson's trial. We find, therefore, that appellate counsel provided ineffective assistance by not bringing this issue to our attention.
Relying on Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), the state argues that Johnson's appellate counsel provided effective assistance because Raines is materially distinguishable from the instant case. In Engle the the trial court had instructed the jury not to discuss the case and not to read, watch, or listen to any media reports on the trial; no such admonishment had been made in Raines. The key difference between Raines and the instant case on one hand and Engle on the other, however, is that in Engle the parties stipulated to the separation. Engle does not make Johnson's appellate counsel's performance effective. Additionally, we did not file our opinion in Engle until after we had affirmed Johnson's convictions and sentences.
If appellate counsel had brought the jury separation issue to our attention on appeal, a new trial would have been granted. Johnson seeks a new appeal in the instant petition and, in fact, has demonstrated his counsel's ineffectiveness. In this instance, however, a new appeal would be redundant because we acknowledge that reversible error occurred at trial. Therefore, we reverse Johnson's convictions, vacate his sentences, and direct that he be retried.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] Johnson mentions five instances of ineffectiveness. Except for the jury sequestration issue, they are without merit.