498 So.2d 943 (1986)
Danny Michael TAYLOR, Petitioner,
v.
STATE of Florida, Respondent.
No. 68213.
Supreme Court of Florida.
December 18, 1986.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for petitioner.
*944 Jim Smith, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondent.
BOYD, Justice.
Pursuant to article V, section 3(b)(4), of the Florida Constitution, petitioner Danny Taylor seeks review of the decision below, Taylor v. State, 481 So.2d 970 (Fla. 5th DCA 1986), affirming his conviction of attempted robbery. The district court of appeal certified the following question as one of great public importance:
After submission of the cause to the jury for deliberations in the trial of a noncapital case, is it reversible error per se for a trial court to authorize the jury to separate overnight, or for some other definite time fixed by the court, and then reassemble and continue its consideration of a verdict?
481 So.2d at 971. We answer in the affirmative and therefore quash the decision of the district court of appeal and remand with instructions that petitioner's conviction be reversed for a new trial.
Petitioner was charged by information and tried for attempted robbery, a felony but not a capital offense. Over his objection, the trial judge allowed the jurors to go home for the night after they had begun deliberations. The jurors returned the next morning and found petitioner guilty as charged.
The district court of appeal affirmed on the basis of Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), and Franklin v. State, 472 So.2d 1303 (Fla. 1st DCA 1985), rev. denied, 482 So.2d 348 (Fla. 1986), holding that it is not reversible error as a matter of law for a trial judge to permit a jury to separate after deliberations have begun in a noncapital case. It then certified the above question as one of great public importance.
Petitioner points out that the rule in capital cases is that it is per se reversible error to allow, over a defendant's objection, a jury to separate after it has begun deliberating. See Livingston v. State, 458 So.2d 235 (Fla. 1984). He argues that there is no legal basis to distinguish capital from non-capital cases on this issue. This view is set forth in the dissenting opinion of Judge Dauksch in the case under review.
In Livingston v. State, we traced the development of Florida law on jury sequestration, noting the distinction made between capital and noncapital cases. We reasoned that the purpose for requiring jury sequestration when deliberations had begun was
quite simply, to safeguard the defendant's right to a trial by an impartial jury. This right is fundamental and is guaranteed by the sixth amendment to the United States Constitution and article I, section 16 of the Florida Constitution. There is no way to insulate jurors who are allowed to go to their homes and other places freely for an entire weekend from the myriad of subtle influences to which they will be subject. Jurors in such a situation are subject to being improperly influenced by conversations, by reading material, and by entertainment even if they obey the court's admonitions against exposure to any news reports and conversations about the case they have been sworn to try.
458 So.2d at 238. We also noted that while Florida Rule of Criminal Procedure 3.370(b) "provides for trial court discretion to allow the jurors to separate after final submission of the cause and before retiring to deliberate, it does not specifically contemplate such a separation in the midst of deliberations." 458 So.2d at 237. We held "that in a capital case, after the jury's deliberations have begun, the jury must be sequestered until it reaches a verdict or is discharged after being ultimately unable to do so. A separation of the jurors after commencement of deliberations will generally be grounds for a mistrial, save for exceptional circumstances of emergency, *945 accident, or other special necessity." Livingston v. State, 458 So.2d at 239. Later we declined to apply the rule of per se reversal where the accused capital defendant not only did not object but acquiesced to a jury's separation. It would not have been fair to allow the defendant there to claim reversible error on appeal after such acquiescence. Brookings v. State, 495 So.2d 135 (Fla. 1986).
The reasoning supporting these capital-case decisions is equally applicable to non-capital cases. See Raines v. State, 65 So.2d 558 (Fla. 1953). Defendants accused of noncapital offenses are guaranteed the same constitutional rights to a trial by an impartial jury as are defendants accused of capital offenses. Jurors in noncapital cases are just as likely to be subjected to a myriad of subtle influences as jurors in capital cases. Therefore, we see no reason to apply a different rule in noncapital cases as distinguished from capital cases.
In Durano v. State, 262 So.2d 733 (Fla. 3d DCA 1972), which, like the present case, concerned a prosecution for a serious but not a capital felony, the court said: "The right of a defendant to have a jury deliberating his guilt or innocence free from any distractions, outside or improper influences is a paramount right which must be closely guarded." Id. at 734. The possibility of a juror being improperly influenced while going about his normal activities away from the courthouse in the midst of deliberations is so great that the procedure must be disapproved for noncapital as well as capital trials.
We therefore hold that it is reversible error for a trial court in a noncapital felony case to allow a jury to separate after deliberations have begun. The defendant here raised the issue before the trial court by objection and thus was entitled to argue it on appeal. We quash the decision of the district court of appeal and remand with instructions that petitioner's conviction be reversed and remanded for a new trial.
It is so ordered.
ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
McDONALD, C.J., dissents.