PER CURIAM.
The pro se petition for a writ of habeas corpus, alleging ineffectiveness of appellate counsel, is granted. Petitioner’s conviction for first degree murder and armed robbery was affirmed by this court, per curiam, in 1980. The petition raises three grounds for relief, one of which has merit.
Petitioner’s counsel on appeal committed fundamental error in failing to argue that the trial court erred in refusing to sequester the jury during deliberation in the capital trial. It is undisputed that the trial court denied defense counsel’s timely motion for sequestration during the jury deliberation. The issue was properly preserved for appeal. In Taylor v. State, 498 So.2d 943 (Fla.1986), the supreme court held that it is reversible error per se for a trial court to refuse to sequester a jury during deliberations. The court found that such reasoning in Livingston v. State, 458 So.2d 235 (Fla.1984), a capital case, was equally applicable to non-capital cases. The court, in Taylor, cited Raines v. State, 65 So.2d 558 (Fla.1953).
In Johnson v. Wainwright, 498 So.2d 938 (Fla.1986), the supreme court held that the petitioner’s appellate counsel was ineffective for failing to raise the jury separa *661 tion issue on direct appeal, even though Livingston had not yet been decided, because in Raines it was determined that reversible error occurred where a jury was allowed to separate for fifteen hours during deliberation. In Johnson, it was recognized that a new appeal was unnecessary because undisputed reversible error had occurred and appellate counsel proved ineffective in failing to raise it. The court, therefore, granted the petition, vacated the sentences, and directed that he be retried.
We recognize that a new trial ten years after petitioner’s initial arrest will pose serious difficulties for the state, which has committed no error causing this decision. However, Johnson requires that this petition be granted.
We therefore reverse the judgment and sentence in this cause and remand for a new trial.
DOWNEY, LETTS and STONE, JJ„ concur.