526 So.2d 143 (1988)
Percival M. MARSHALL, Petitioner,
v.
Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent.
No. 87-2906.
District Court of Appeal of Florida, Third District.
May 17, 1988.
Rehearing Denied June 30, 1988.
*144 Percival M. Marshall, in pro. per.
Robert A. Butterworth, Atty. Gen. and Michele L. Crawford, Asst. Atty. Gen., for respondent.
Before BARKDULL and DANIEL S. PEARSON, and FERGUSON, JJ.
BARKDULL, Judge.
The petitioner was convicted of three counts of armed robbery and sentenced to 110 years on each count to run consecutively for a total of 330 years. The trial court imposed a minimum mandatory sentence of three years on each robbery count to run consecutively for a total of 9 years and it retained jurisdiction over the first 110 years of the sentence. We affirmed the convictions and remanded the cause to the trial court for entry of an order detailing the trial court's reasons for retention of jurisdiction over the sentences. See Marshall v. State, 448 So.2d 603 (Fla. 3d DCA 1984). The trial court entered its order complying with this court's mandate on June 21, 1984.
*145 The facts giving rise to this case are as follows: the petitioner herein, and a co-defendant, robbed a Winn-Dixie store. Upon entering the store, they approached one Casaneda, the produce manager, and the petitioner pointed a gun at him and told Casaneda to open the safe. Casaneda told them he did not have the combination and pointed out the assistant manager who did. Thereupon, the co-defendant took the assistant manager, Mayo, to the upper office area where the safe was. The petitioner then told Casaneda to open the service register which Casaneda said he could not do. The petitioner then pointed his gun at the cashier on the speed lane, who opened up her register, which the petitioner robbed. Upon return of the assistant manager, the petitioner forced him to open the service register which he robbed. Thereupon, the petitioner and his co-defendant left the store.
By this petition for writ of habeas corpus, the petitioner alleges incompetence of his trial counsel and appellate counsel in the following particulars:
(1) Counsel failed to raise on appeal trial court error in allowing the jury to separate for the night after deliberations had begun, said error being fundamental error.
(2) Counsel failed to raise as fundamental error the stacking of minimum mandatory sentences arising from a single transaction.
(3) Counsel failed to allege error in the trial court amending the information filed herein to reflect that Winn Dixie stores was the owner of the money stolen rather than the individual victims thereby convicting the petitioner for crimes for which he was not tried or convicted.
(4) Counsel failed to raise the issue that the trial court failed to state sufficient reasons for retaining jurisdiction over the sentence imposed. Said error constitutes fundamental error.
(5) Counsel failed to appeal the formal final order retaining jurisdiction over the sentence imposed entered by the trial court pursuant to this court's mandate on the original appeal.
As to any allegation of ineffective assistance of trial counsel, such a claim is not cognizable under a petition for writ of habeas corpus but is reviewable by a Rule 3.850, Fla.R.Crim.P. motion. See Stewart v. State, 420 So.2d 862 (Fla. 1982).
Turning to the allegations as they pertain to appellate counsel, which are properly reviewable by habeas corpus, see Knight v. State, 394 So.2d 997 (Fla. 1981), we hold as follows:
As to Point 1, separation of the jury after deliberations had begun, there is no showing of incompetency of counsel in that at the time of the appeal herein, Taylor v. State, 498 So.2d 943 (Fla. 1986) had not been decided. The law existing at the time of appeal was that it was not error to permit a non-capital jury to separate after deliberations had begun where proper admonishment had been given to the jury. See Engle v. State, 438 So.2d 803 (Fla. 1983). Therefore, appellate counsel could not be held incompetent for failure to anticipate a change in the law. See Knight v. State, supra; Junco v. State, 510 So.2d 909 (Fla. 3d DCA 1987), cert. denied, 518 So.2d 1276 (Fla. 1987).
As to Point 2, the stacking of minimum mandatory sentences, such a sentence is illegal and is reviewable under Rule 3.850, Fla.R.Crim.P. However, the petitioner is not prejudiced thereby, and counsel's failure to raise this issue is not such an omission that was a serious deficiency which has prejudiced the petitioner requiring a new trial herein. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, supra.
Point 3 is also without merit. Actual ownership of the property in the person named in the information as custodian of the property which the defendant is accused of taking is unnecessary, as the purpose of the allegation of ownership is to show that the property taken belonged to another. See McNeal v. State, 303 So.2d 698 (Fla. 3d DCA 1974); Matera v. State, 218 So.2d 180 (Fla. 3d DCA 1969); Ross v. State, 226 So.2d 464 (Fla. 3d DCA 1969). *146 Ownership of the property may be laid in the information either in the real owner or the custodian thereof. See Wilcox v. State, 183 So.2d 555 (Fla. 3d DCA 1966). Thus, amendment of the information would at most constitute harmless error [§ 924.33, Fla. Stat. (1987)] and failure of appellate counsel to raise the issue on appeal would not so prejudice the petitioner so as to constitute incompetency of appellate counsel.
Point 4 is without merit as this court in its mandate issued on the initial appeal recognized an impropriety in the retention of jurisdiction over the sentence imposed and remanded the cause to the trial court for entry of an order detailing the reasons for retaining jurisdiction and clarification of period of retention. See Marshall v. State, supra. Thus the petitioner was not prejudiced by appellate counsel's failure to raise this issue on appeal.
Finally, as to Point 5, the failure of counsel to appeal the order of June 21, 1984, retaining jurisdiction over the sentences imposed herein, constitutes a frustrated appeal which can be reviewed pursuant to the provisions of Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970). Therefore, failure of appellate counsel to appeal the afore mentioned order does not constitute prejudicial error requiring a new trial in this cause. See Strickland v. Washington, supra; Knight v. State, supra.
Therefore, based on the foregoing, we find that the actions of appellate counsel were not incompetent so as to require that this court grant the petition for writ of habeas corpus filed herein.
However, as Points 2 and 5 go to the legality of the sentences imposed and in the interests of justice, we shall dispose of those issues at this time. See Williams v. State, 473 So.2d 11 (Fla. 3d DCA 1985); Kohn v. State, 289 So.2d 48 (Fla. 3d DCA 1974).
As to the stacking of the 3 year minimum sentences, we find that under the facts of this case, Palmer v. State, 438 So.2d 1 (Fla. 1983) is controlling, and we therefore find that the imposition of consecutive 3 year minimum sentences is erroneous and we remand the cause to the trial court to correct the sentences so that the three minimum mandatory sentences will be served concurrently.
Turning to the question of the trial court's retaining jurisdiction over the sentence we find that the reasons stated therefor are, "... the defendant showed absolutely no remorse for the crime that he committed and that he was a one-man crime wave that greatly endangered society." We find that these stated reasons fail to comply with the requirements of Section 947.16(3), Florida Statutes (1983). The purpose of the statute is to give the defendant an opportunity to respond to the reasons for retention. It is also to permit meaningful appellate review and to permit a successor judge, at such time as release is contemplated, to determine from the record the reasons for retention in the first instance. See Thomas v. State, 484 So.2d 1372 (Fla. 3d DCA 1986); Robinson v. State, 458 So.2d 1132 (Fla. 4th DCA 1984). Clearly, the statement of the trial court in the instant case does not achieve these purposes and does not comply with the statutory requirements that the reason for retention be stated with, "... individual particularity". See Cahill v. State, 489 So.2d 1219 (Fla. 2d DCA 1986); Robinson v. State, supra.
Therefore, we remand this case to the trial court to state with particularity the reasons for retention of jurisdiction in accordance with the holdings in Thomas v. State, supra; Robinson v. State, supra.
Remanded with directions.
FERGUSON, J., concurs.
DANIEL S. PEARSON, Judge, concurring.
Addressing Marshall's point one, namely, that appellate counsel was incompetent for failing to claim as error that the trial court permitted the jury to separate after deliberations had begun, the majority says that there is no showing of incompetency because "at the time of the appeal ... Taylor *147 v. State, 498 So.2d 943 (Fla. 1986) had not been decided." This, however, is not the reason that the incompetency contention fails.
Even if Taylor had been decided at the time of the appeal, appellate counsel could not have successfully raised a Taylor point because trial counsel had not preserved the error for appeal by objecting to the separation of the jury. The separation of the jury after deliberations have begun is not fundamental error. Ulloa v. State, 486 So.2d 1373 (Fla. 3d DCA 1986).