569 So.2d 1241 (1990)
Thomas Dewey POPE, Appellant,
v.
STATE of Florida, Appellee.
No. 74614.
Supreme Court of Florida.
October 11, 1990.
Rehearing Denied December 17, 1990.
*1242 Alan F. Wagner and W. Douglas Hall of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Thomas Dewey Pope, a prisoner under sentence of death, appeals the trial court's denial of his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Pope was convicted of three counts of first-degree murder. The facts of the case are set forth in our decision on direct appeal. Pope v. State, 441 So.2d 1073 (Fla. 1983). The jury recommended and the trial court imposed life sentences for two of the convictions and a sentence of death for the third. The convictions and sentences were affirmed by this Court on direct appeal. Id. In September 1984, Pope filed with the trial court a rule 3.850 motion to vacate his judgment and sentence. While that motion was pending, this Court denied a petition *1243 for writ of habeas corpus. Pope v. Wainwright, 496 So.2d 798 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). After that denial, an amended rule 3.850 motion was filed with the trial court. Prior to a ruling on the motion, an amendment to the amended motion was filed. The trial court summarily denied all but two of the claims raised, denying those two claims after evidentiary hearings. Pope now appeals the denial of relief.
As his first claim raised on appeal, Pope argues that trial counsel was ineffective for failing to either object to separation of the jury during deliberations or to request that the jury be sequestered. He also argues that this separation was fundamental error which is cognizable in a rule 3.850 motion despite his failure to object at trial and raise the claim on appeal.
Four hours after beginning deliberations, the trial court inquired of the jury if it wished to continue deliberations or to recess until the following day. The jurors indicated that they preferred to recess until the following morning and were allowed to separate for the evening without objection by counsel. Prior to the separation, the jury was instructed "not to discuss this case between or amongst yourselves until you come back here tomorrow morning."
In addressing this claim we look to a line of cases out of this Court beginning with Raines v. State, 65 So.2d 558 (Fla. 1953). In Raines, the deliberating jury had been allowed to separate overnight, without the benefit of cautionary instructions. This Court reversed the conviction and remanded for a new trial. Relief was granted even though no objection was made and no actual prejudice was shown. The decision in Raines was based in part on section 919.01(1), Florida Statutes (1951), which provided that after the jury is sworn and has heard the allegations and proof in a case it shall be kept together in some convenient place until it agrees on a verdict or is discharged. Three decades later, in Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), this Court held that failure to sequester the jury was not a denial of due process or fair trial rights where defense counsel was consulted and agreed to the separation and where the jurors were admonished neither to discuss the case with anyone nor to expose themselves to media accounts of the trial.
Soon thereafter, relying on Raines, this Court expressly held that "in a capital case, after the jury's deliberations have begun, the jury must be sequestered until it reaches a verdict or is discharged after being ultimately unable to do so." Livingston v. State, 458 So.2d 235, 239 (Fla. 1984).[1] Although section 919.01(1) had long since been repealed by chapter 70-339, section 180, Laws of Florida, it was held per se reversible error to allow the jury to separate during deliberations over defense objection, even though the jury had been thoroughly admonished prior to separation and had been examined by the court prior to the resumption of deliberations. After our decision in Livingston, relying on our prior decision in Engle, we again held the issue waived, where counsel was consulted and affirmatively acquiesced to jury separation and where thorough admonishment was given prior to separation. Brookings v. State, 495 So.2d 135 (Fla. 1986).
Consistent with these decisions, in Johnson v. Wainwright, 498 So.2d 938 (Fla. 1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 500 (1987), appellate counsel was held ineffective for failing to challenge jury separation on appeal when trial counsel had objected to the separation. We noted in Johnson that even though Livingston had not been filed until a year after Johnson's convictions and sentences became final, "Raines embodied the law at the time of Johnson's trial and appeal." 498 So.2d at 939. Because reversible error had occurred under Raines, counsel was found ineffective for not raising the claim on direct appeal.
Returning to Pope's claims, first, we reject his claim of fundamental error. This claim is based on a blending of the *1244 facts and respective holdings in Raines and Livingston. He argues that separation of the jury during deliberations is fundamental error which can be raised at any time regardless of whether an objection was raised at trial and regardless of whether adequate cautionary instructions were given or actual prejudice can be shown. Our decision in Livingston was not a fundamental change in the law allowing for retroactive application under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); it was merely an application of the principles recognized in Raines. Those principles are therefore equally applicable in this case. See Johnson, 498 So.2d at 939. In Raines, this Court recognized that jury separation under certain conditions carries such an inherent danger of improper influence that the error should be remedied without requiring a showing that the jury was actually affected by improper influences. Relief was warranted in that case, despite the lack of objection and the lack of a showing of actual prejudice, because Raines' right to a fair trial had not been safeguarded by cautionary instructions. 65 So.2d at 558.
Consistent with Raines, the per se reversible error rule announced in Livingston was designed to safeguard a defendant's right to a fair trial by an impartial jury. However, this per se rule is merely prophylactic in nature and must be invoked by contemporaneous objection at trial when adequate cautionary instructions are given. Where counsel affirmatively consents to separation or where no objection is made, if adequate cautionary instructions were given and there is no other showing that the defendant's right to a fair trial was compromised, the issue will be considered waived. See Engle, 438 So.2d at 808; Brookings, 495 So.2d at 142. This approach takes into account the fact that there may be occasions when for tactical or other reasons defense counsel may prefer that the jury be allowed to separate without allowing such decisions to deprive the defendant of his right to a fair trial. As noted by the Third District Court of Appeal when confronted by the selfsame claim as that before us, it is "the admonition or lack of admonition that goes to the integrity of the jury's fact-finding process, and thus, to the question of whether the separation of the jury is fundamental error." Ulloa v. State, 486 So.2d 1373, 1376 n. 7 (Fla. 3d DCA 1986).
In this regard, Pope argues that the jurors were not given adequate instructions prior to the final recess because they were not again admonished to avoid the media or discussions with nonjurors. In support of this claim, Pope points to the fact that a juror brought a newspaper into the jury box prior to resuming deliberations. Prior to final recess the jury was given the following abbreviated instruction without objection:
[P]ursuant to your wishes, then, we will recess for the evening; and I ask you to please not discuss this case between or amongst yourselves until you come back here tomorrow morning.
As the state points out, the jurors had been repeatedly instructed throughout the trial not to discuss the case amongst themselves or with others and not to come into contact with media coverage of the trial. Although it is preferable for jurors to receive full admonition not to discuss the case amongst themselves or with others and to avoid media accounts of the trial prior to each recess, the instruction complained of in conjunction with the numerous prior instructions was adequate to ensure Pope's due process and fair trial rights. Further, no actual prejudice has been alleged in connection with the juror who was reading the newspaper or any other juror. The record reflects that after an off-the-record side-bar conference, which was initiated by defense counsel, the court inquired of the juror with the newspaper and was assured that the juror had not read anything about the case.
Even if we were to agree with Pope that trial counsel's failure to object to the separation amounted to substandard *1245 performance,[2] Pope is not entitled to relief. To support a claim of ineffective assistance of trial counsel, not only must the defendant demonstrate that counsel's performance was deficient, he must also demonstrate that this deficiency affected the outcome of the trial proceedings. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); Stevens v. State, 552 So.2d 1082, 1083-84 (Fla. 1989). The per se harmful error rule adopted in Livingston was not intended to relieve a defendant of this burden. The fact that if the jury had been allowed to separate over objection Pope would have been entitled to a new trial on direct appeal is not dispositive. A showing that there is a reasonable probability that trial counsel's failure to ensure that the jury be sequestered actually compromised the defendant's right to a fair trial is required to support a claim of ineffective assistance of trial counsel. The analysis is of course different in connection with a claim of ineffective assistance of appellate counsel. As in Johnson, where the issue has been preserved by objection, the prejudice prong of Strickland is satisfied because once the per se reversal rule is triggered relief is mandated on appeal. Because Pope has not alleged that the outcome of his trial was affected by counsel's failure to object, the trial court's summary denial of this claim was proper.
We also affirm the summary denial of the following claims of ineffective assistance: 1) trial counsel failed to confer properly with Pope before and during trial and failed to prepare Pope to testify; 2) trial counsel failed to object and move for a mistrial when hearings and sentencings of other defendants occurred in the jury's presence; 3) trial counsel failed to object to improper comments by the prosecutor; 4) trial counsel failed to impeach state witness Eckhart; 5) trial counsel failed to investigate evidence or present testimony that others could have killed the victims; and 6) trial counsel failed to present evidence of mitigating circumstances during the penalty phase.[3] We have reviewed the motions, files, and records in this case and agree with the trial court that they conclusively demonstrate that Pope is entitled to no relief in connection with the above claims.
We also affirm the denial of both claims for which an evidentiary hearing was held. First, we address the denial of Pope's claim that counsel was ineffective for using, against his wishes, what he refers to as the "Vietnam syndrome defense" during the guilt phase of the trial. During the guilt phase of Pope's trial, Dr. Weitz, a clinical psychologist specializing in the treatment of Vietnam veterans and posttraumatic stress disorder, testified concerning the effect that, in his opinion, the disorder has on Pope's behavior. Pope maintains that portions of Dr. Weitz's testimony were inconsistent with his innocence, although Dr. Weitz testified that in his opinion the crimes for which Pope was being tried were contrary to his character. After an evidentiary hearing, the trial court denied relief based on this claim finding that Pope "knew, understood, and concurred in his trial counsel's opinion that the testimony of Dr. Weitz (concerning this defense) would be used during the defense presentation at trial." Pope is correct that the trial court did not directly address the ineffective assistance claim. However, we do not agree that the cause must be remanded for reconsideration of the issue. We read the finding that Pope knew of, understood, and concurred in the use of Dr. Weitz's testimony as a finding that the use of this defense was a strategic decision with which Pope concurred. Such a finding is supported by the record, particularly by the fact that the first portion of Pope's testimony at trial was directly relevant to this defense.
Finally, we affirm the trial court's denial of Pope's claim that counsel was ineffective for failing to prevent the introduction of a videotaped deposition of state witness Clarence "Buddy" Lagle by *1246 conceding Lagle's unavailability. Lagle's testimony was perpetuated prior to trial in accordance with Florida Rule of Criminal Procedure 3.190(j). At the pretrial hearing on the motion to exclude the deposition, defense counsel conceded: "If I may reply very briefly, I have no reason to doubt that this fellow is not available now, but last week was the first time the State tried to contact that man in many months." Pope, 441 So.2d at 1076. Pope's challenge to the admission of the videotape was rejected on direct appeal. Id. In his rule 3.850 motion, he now contends that counsel was ineffective for conceding Lagle's unavailability. After an evidentiary hearing, the trial court denied relief based on this claim, finding that Lagle was in fact unavailable for trial. We recognize that under Florida Rule of Criminal Procedure 3.190(j)(6), before an absent witness' deposition can be introduced into evidence, the party offering the deposition must show it has exercised due diligence in its search for the deponent. Pope, 441 So.2d at 1076. However, we fail to see how it can be said that defense counsel could be ineffective for stipulating to a proven fact: the unavailability of the witness. Such a conclusion would preclude counsel from ever entering into such stipulations which serve to avoid the unnecessary consumption of time at trial.
Accordingly, the orders of the trial court denying relief are affirmed.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which BARKETT, J., concurs.
EHRLICH, Justice, concurring in part, dissenting in part.
I concur with all portions of the majority opinion except that portion affirming the trial court's denial of relief in connection with Pope's claim that counsel was ineffective for conceding Lagle's unavailability, thereby relieving the state of its burden of showing due diligence in attempting to locate Lagle. I agree with Pope that he is entitled to further hearing on this claim.
Pope challenged the introduction of Lagle's deposition into evidence on direct appeal, arguing that the state failed to sustain its burden of proof that Lagle was unavailable. Pope v. State, 441 So.2d 1073, 1075-76 (Fla. 1983). While we recognized that under Florida Rule of Criminal Procedure 3.190(j)(6) "the party offering the deposition [into evidence] must show it has exercised due diligence in its search" for the deponent, we rejected the claim because the state's opportunity to present evidence of due diligence was "foreclosed" by defense counsel's statement that he had no reason to doubt Lagle's unavailability. 441 So.2d at 1076.
After an evidentiary hearing at which Lagle was the only witness, the trial court denied this rule 3.850 claim, finding that because Lagle was unavailable for trial, the state committed no misconduct concerning Lagle's nonattendance at trial and trial counsel was not ineffective for failing to obtain his presence at trial. The trial court failed to address the issue of whether trial counsel was ineffective for conceding Lagle's unavailability, thereby relieving the state of its burden to show due diligence in attempting to contact Lagle.
It seems clear from the record that the hearing at which Lagle testified was held for the sole purpose of obtaining Lagle's testimony under chapter 942, Florida Statutes (1985). It also appears that, although further hearing was contemplated, Pope was never given the opportunity to offer other evidence establishing that the state would have been unable to demonstrate due diligence in attempting to contact Lagle prior to trial. Therefore, I would remand for further hearing on this claim, with instructions to the trial court to make specific findings as to whether trial counsel was ineffective for conceding Lagle's unavailability.
BARKETT, J., concurs.
NOTES
[1] This rule was extended to noncapital cases in Taylor v. State, 498 So.2d 943 (Fla. 1986).
[2] That is, if we assume that it was not a strategic decision to allow the jury to separate.
[3] Although other claims were raised in his rule 3.850 motion, only these claims were urged to this Court as warranting an evidentiary hearing.