HALL, Acting Chief Judge,
dissenting.
Notwithstanding that the supreme court’s decisions in Brooks v. State, 507 So.2d 606 (Fla.1987), and Taylor v. State, 498 So.2d 943 (Fla.1986), appear to mandate a per se reversal in the instant case, I must concur with Justice McDonald in his dissents in Brooks and Taylor and dissent.
As the supreme court pointed out in Taylor, the purpose of the sequestration rule is to protect a defendant’s constitutional right to a trial by an impartial jury. Taylor, 498 So.2d at 945.
In the instant case, there is not even the slightest hint that the defendant’s constitutional right was violated or that the defendant was tried by a partial jury subject to outside influences.
Prior to resuming deliberations, the trial judge not only conducted a voir dire of the jurors to determine whether they were subject to outside influences, he allowed defense counsel the opportunity to further question the jurors to show any possibility of partiality. Defense counsel refused to make any further inquiry of the jurors and did not even attempt to show any prejudice to the defendant.
Since I cannot say that the defendant’s constitutional right to an impartial jury was violated in this case, I would affirm the appellant’s conviction.