PER CURIAM.
The Florida Bar Criminal Procedure Rules Committee (Committee) petitions this Court to amend Florida Rule of Criminal Procedure 3.370(b). We have jurisdiction. Art. V, § 2(a), Fla. Const.
Rule 3.370(b) currently provides that unless the jurors have been sequestered during the trial, the trial court may permit them to separate prior to beginning deliberations. However, Rule 3.370 is silent as to whether a jury may separate once deliberations have begun. Therefore, the Committee has submitted a proposed amendment to Rule 3.370(b) which reflects *1037 this Court’s holdings in Livingston v. State, 458 So.2d 235 (Fla.1984), Brookings v. State, 495 So.2d 135 (Fla.1986), and Taylor v. State, 498 So.2d 943 (Fla.1986).
In Livingston we held that once deliberations have begun in capital cases, the jury must be sequestered until it either reaches a verdict or is discharged if unable to do so. 458 So.2d at 239. Finding that the defendant’s right to a trial by an impartial jury must be safeguarded, we explained that in a capital case, absent exceptional circumstances of emergency, accident, or other special necessity, separation of the jurors after deliberations have begun will generally warrant a mistrial. Id.
Two years later, in Brookings we held that counsel cannot acquiesce in a court’s decision to allow a jury to separate after deliberations have begun in a capital case and then claim reversible error on appeal. 495 So.2d at 141-42. That same year in Taylor, we extended the holdings of Livingston and Brookings to non-capital felony cases.
The Committee has advised the Court that the rule change is being presented because the case law mandated such a change. However, “a segment of the Committee urges the Court to require sequestration in capital cases only and to recede from the requirement of sequestration in non-capital cases.” The Jury Management Steering Committee, appointed by this Court, likewise has requested that we recede from our holding in Taylor. Both the Rules Committee and the Steering Committee are of the opinion that “the cost of sequestering a jury in most cases exceeds any benefit the defendant may receive from sequestration,” and “those cases in which sequestration may be necessary will be apparent to the trial court.”
We accept the opinion of the committees’ on this subject and recede from our holding in Taylor. Accordingly, Rule 3.370 is amended as reflected in the appendix to this opinion.
In addition to the changes urged by the Committee, a sentence is added to subdivision (a) to reflect this Court’s holding in Banda v. State, 536 So.2d 221, 224 (Fla. 1988), cert. denied, 489 U.S. 1087, 109 S.Ct. 1548, 103 L.Ed.2d 852 (1989), that absent a showing of prejudice jurors may be allowed to separate between the guilt and penalty phases of a capital trial. Subdivision (b) that addresses separation of jurors after final submission of the cause but prior to the beginning of deliberations is retained. We have added subdivision (c), which requires sequestration once deliberations have begun in a capital case, absent exceptional circumstances, or waiver, but allows the jurors to separate during deliberations in a non-capital case. The new language is indicated by underscoring; deletions are indicated by strike-through type. These amendments shall take effect upon the release of this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX
RULE 3.370 REGULATION AND SEPARATION OF JURORS
(a) Regulation of-Jury During Trial. After the jurors have been sworn they shall hear the case as a body and, within the discretion of the trial judge, may be sequestered. In capital cases, absent a showing of prejudice, the trial court may order that between the guilt and penalty phases of the trial the jurors may separate for a definite time to be fixed by the court and then reconvene before the beginning of the penalty phase.
(b) Separation After Submission of Cause. Unless the jurors have been kept together during the trial the court may, after the final submission of the cause, order that the jurors may separate for a definite time to be fixed by the court and then reconvene in the courtroom before retiring for consideration of their verdict.
(c) During Deliberations. Absent exceptional circumstances of emergency, accident, or other special necessity or unless sequestration is waived by the state and the defendant, in all capital *1038 cases in which the death penalty is sought by the state, once the jurors have retired for consideration of their verdict, they must be sequestered until such time as they have reached a verdict or have otherwise been discharged by the court. In all other cases, the court, in its discretion, either on the motion of counsel or on the court’s initiative, may order that the jurors be permitted to separate. If jurors are allowed to separate, the trial judge shall give appropriate cautionary instructions.