PER CURIAM.
Brooks’ conviction for manslaughter was affirmed in Brooks v. State, 497 So.2d 933 (Fla. 5th DCA 1986). The district court of appeal certified the following question:
AFTER SUBMISSION OF THE CAUSE TO THE JURY FOR DELIBERATIONS IN THE TRIAL OF A NON-CAPITAL CASE, IS IT REVERSIBLE ERROR PER SE FOR A TRIAL COURT TO AUTHORIZE THE JURY TO SEPARATE OVERNIGHT, OR FOR SOME OTHER DEFINITE TIME FIXED BY THE COURT, AND THEN REASSEMBLE AND CONTINUE ITS CONSIDERATION OF A VERDICT?
Id. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
We answer the certified question in the affirmative and reverse and remand for a new trial on the authority of our recent decision in Taylor v. State, 498 So.2d 943 (Fla.1986). We feel that this point was sufficiently preserved when the judge denied defense counsel’s request that the jury be sequestered.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., dissents.