THOMPSON, Judge.
Wiley appeals from judgments of guilt of one count of burglary of a structure and two counts of grand theft. He contends, inter alia, that the trial court erred in permitting the jurors to separate overnight after they had already begun deliberations but had reached no verdict. We reverse.
The case was submitted to the jury at 4:00 p.m. on June 3, 1986. Shortly thereafter, the judge announced that he intended to send the jurors home for the evening if they did not reach a verdict quickly. Defense counsel specifically objected to the court’s allowing the jurors to separate, but his objection was overruled. At 5:10 p.m. the judge called the jurors into the courtroom and announced his intention to send them home for the night unless they were close to reaching a decision. The jurors, through their spokesman, indicated that they were “nowhere near” reaching a decision. The judge then stated that he would send them home for the evening, and ad *1337 monished them not to discuss the case with anyone. They were instructed to keep an open mind until they returned at 9:00 the next morning to conclude their deliberations. The next morning the jury, after deliberating only 10 or 15 minutes, returned its guilty verdict on the three counts.
In the recent case of Taylor v. State, 498 So.2d 943 (Fla.1986), the Supreme Court of Florida held that the rule requiring jury sequestration after deliberations have begun should apply to both capital and non-capital cases. The Supreme Court has since reaffirmed the Taylor ruling in Brooks v. State, 507 So.2d 606 (Fla.1987). After careful examination of the record herein, we are unable to find any basis for distinguishing this case from Taylor and Brooks. It is therefore necessary that we reverse and remand this cause for a new trial.
REVERSED and REMANDED.
SHIVERS, J., concurs.
NIMMONS, J., concurs with written opinion.