NIMMONS, Judge,
concurring.
In view of the per se rule recently adopted by the Florida Supreme Court in Taylor v. State, 498 So.2d 943 (Fla.1986) and reaffirmed in Brooks v. State, 507 So.2d 606 (Fla.1987), we have no choice but to reverse and remand for a new trial because of the failure of the trial court to order the sequestration of the jury in this routine, garden variety burglary case.
This rule mandates reversal even though there may be no indication of a violation by the jurors of thorough and explicit admonitions by the trial judge and regardless of the absence of any prejudice to the defendant occasioned by the nonsequestration. Four years ago, the United States Supreme Court reminded us:
[W]hen courts fashion rules whose violations mandate automatic reversals, they “retreat from their responsibility, becoming instead ‘impregnable citadels of technicality.’” R. Traynor, The Riddle of Harmless Error 14 (1970) (quoting Kava-naugh, Improvement of Administration of Criminal Justice by Exercise of Judicial Power, 11 ABAJ 217, 222 (1925).
United States v. Hasting, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983).
One can hope that this per se rule— hauntingly similar in its development and impact to the Tascano[1] rule — will eventually meet a fate similar to that which finally befell that discredited per se rule.[2]

. Tascano v. State, 393 So.2d 540 (Fla.1980).

. The Florida Bar, In Re: Amendment To Rules of Criminal Procedure—3.390(a), 416 So.2d 1126 (Fla.1982); The Florida Bar, In Re: Amendment To Rules—Criminal Procedure, 462 So.2d 386 (Fla.1984).