472 So.2d 1303 (1985)
Arthur O'Derrell FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-194.
District Court of Appeal of Florida, First District.
July 15, 1985.
*1304 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of convictions and sentences for the offenses of kidnapping, unarmed robbery, and multiple counts of sexual battery. Appellant was 17 years old when the offenses were committed and we find that in imposing adult sanctions the court erred by failing to provide a written statement indicating a consideration of the criteria specified in § 39.111(6), Florida Statutes. We therefore vacate the sentences appealed and remand the cause for resentencing.
Appellant was tried upon an information which asserted, pursuant to § 39.04(2)(e)4, Florida Statutes, that "the public interest requires that adult sanctions be considered or imposed." At the conclusion of the first day of trial the jury was permitted to separate for an overnight recess after being instructed by the court to avoid any exposure to discussion or information regarding the case. The jury reconvened the next day and, after closing argument of counsel and instructions from the court, retired for deliberation of the verdict. As evening approached the court expressed concern for the jury's comfort and suggested that if they were not close to reaching a verdict the jurors might "come back tomorrow." In response to inquiry from the court, appellant's counsel indicated a preference that the jury continue its deliberation.[1] The court then allowed the jury to choose between continuing its deliberation or adjourning for the evening. The jury chose to adjourn, and the court again cautioned the jury with explicit and extensive instructions to avoid any discussion or information regarding the case. The individual jurors were then allowed to separate for the evening.
Appellant asserts that the court erred by allowing the jurors to separate in the midst of deliberation. Fla.R.Crim.P. 3.370(b) provides that "jurors may separate for a definite time ... before retiring for consideration of their verdict." However, the Rule does not contemplate juror separation during deliberation, and several cases have recognized that in certain contexts such a procedure may warrant a new trial. See e.g., Livingston v. State, 458 So.2d 235 (Fla. 1984); Raines v. State, 65 So.2d 558 (Fla. 1953). These opinions indicate a concern for the fairness of the proceeding and the danger of improper influence.
Unlike Livingston, the present case does not involve an extended period of juror separation or a trial for a capital felony accompanied by substantial publicity. And unlike Raines, in the present case the jurors were explicitly cautioned regarding their obligation to avoid external influences. In addition, apart from the qualified preference indicated, appellant's counsel expressed no objection to the separation of the jurors in the present case. We conclude that in the circumstances presented, as in Engle v. State, 438 So.2d 803 (Fla. 1983), the overnight separation of the jurors does not require a new trial as appellant was not deprived of any fundamental right.
*1305 In imposing sentence the court noted its concern for the serious and violent nature of appellant's offenses and the necessity of protecting the community from a recurrence of such conduct. But the court did not address, and the record does not indicate a full consideration of, the specific procedures and criteria enunciated in § 39.111(6), Florida Statutes. This enactment imposes a mandatory duty upon the court and, in the circumstances of the present case, requires that a decision to impose adult sanctions be accompanied by a written statement in conformity with the statutory criteria. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984). The court's failure to comply with this statutory mandate requires that appellant's sentence be vacated; on remand the court may again impose adult sanctions, if deemed appropriate, after considering the specified criteria and providing a written statement which comports with the requirements of § 39.111(6).
The judgments of conviction are hereby affirmed, but appellant's sentences are vacated and the cause remanded for resentencing.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Upon inquiry by the court appellant's counsel stated that:

Your Honor, to be quite candid with the Court, I would prefer to let them deliberate tonight, whatever it takes, but, of course, it is whatever the Court's pleasure is.