473 So.2d 763 (1985)
Arthur O. FRANKLIN and Frankie Lee Owens, Appellants,
v.
STATE of Florida, Appellee.
No. AZ-192.
District Court of Appeal of Florida, First District.
July 18, 1985.
Rehearing Denied August 27, 1985.
*764 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This appeal from convictions and sentences for kidnapping, sexual battery and unarmed robbery presents two issues: (1) whether appellant Owens was entitled to discharge for violation of his right to speedy trial under Rule 3.191, Florida Rules of Criminal Procedure; (2) whether the trial court fundamentally erred in imposing adult sentences upon appellant Franklin without first complying with Section 39.111(6), Florida Statutes (1983). We affirm the appeal as to Owens, and reverse as to Franklin.
Owens' attorney filed a motion for psychiatric examination to determine Owens' sanity at the time of the alleged offense as well as his competency to stand trial. The trial court appointed three physicians to examine Owens and after evaluating reports filed by them entered an order adjudging Owens mentally competent to stand trial. Owens' motion for discharge on the grounds that more than 180 days had expired from the time of his arrest was denied by the trial judge, based upon his ruling that the speedy trial period was automatically tolled during the period required for examination and report concerning Owens' competency to stand trial. Both appellants were then tried and convicted by jury.
Owens' contention that the speedy trial time was not tolled while his competency was being determined, and that the trial court was required to enter a written order under Rule 3.191(d)(2)(iv), Florida Rules of Criminal Procedure, in order to toll the speedy trial time is not well-founded. Prior cases have established that one is not "continuously available" for trial within the meaning of Rule 3.191(e), Florida Rules of Criminal Procedure, while his competency is being ascertained. Isley v. State, 354 So.2d 457 (Fla. 1st DCA 1978); Harley v. State, 412 So.2d 954 (Fla. 4th DCA 1982). We reject Owens' contention that these cases are not longer dispositive because when they were decided the rule required "continuous" availability, whereas the rule was amended effective January 1, 1981, and Rule 3.191(e) no longer contains the requirement that availability be "continuous." The rule does, however, require that the defendant be "ready for trial" during the speedy trial period, and we find no substantive distinction between the former requirement of "continuous availability," and the current readiness requirement.
We reject also Owens' contention that he could not constitutionally be required to choose between a waiver of his speedy trial rights and a compentency evaluation. A similar argument was advanced and rejected in Blackstock v. Newman, 461 So.2d 1021 (Fla. 4th DCA 1985). Cf., State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), and Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975), in which the delay forcing defendant into a dilemma was *765 occasioned by action of the state, rather than by the defendant, as here.
We are compelled to reverse Franklin's sentence because the trial court did not order a predisposition report as required by Section 39.111(6)(a) as to appellant Franklin, nor did the trial court justify its decision to impose adult sanctions in writing as required by Section 39.111(6)(d), Florida Statutes (1983). Although the trial court's order retaining jurisdiction of the lengthy sentences imposed against Franklin arguably mentions many of the criteria found in Section 39.111(6)(c), it is clear from the sentencing proceedings that the trial court sentenced Franklin without any consideration of Section 39.111(6), which is contrary to the purpose and intent expressed by the legislature in enacting this statute. We therefore are compelled to reverse and remand for compliance with the statute and resentencing, as we did in Franklin v. State, 472 So.2d 1303 (Fla. 1st DCA 1985).
REVERSED and REMANDED.
MILLS, SMITH and THOMPSON, JJ., concur.