476 So.2d 1346 (1985)
Arthur O. FRANKLIN and Frankie Lee Owens, Appellants,
v.
STATE of Florida, Appellee.
No. AZ-193.
District Court of Appeal of Florida, First District.
October 9, 1985.
Rehearing Denied November 14, 1985.
*1347 Michael Allen, Public Defender; Carl S. McGinnes, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen.; Gregory G. Costas, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Owens appeals the denial of his motions for discharge pursuant to Florida Rule of Criminal Procedure 3.191 (speedy trial) and for judgment of acquittal. Franklin appeals the denial of his motions for judgment of acquittal and to suppress. He also contends that the trial court erred in imposing adult sentences without considering Section 39.111(6), Florida Statutes (1983). We affirm in part and reverse in part.
On 30 June 1983, Owens and Franklin entered a convenience store where one held a knife on the manager and the other displayed to the female cashier what appeared to her to be a .22 caliber pistol. After one of the men removed money from the cash register, the cashier surrendered her car keys on threat of being shot, then accompanied the men in the car, again after they threatened to shoot her if she resisted. She was driven to an isolated spot where each man raped her while the other held the gun 2-3 inches from her head. After the rapes, they discussed shooting her in the head, but rejected the plan as "too messy"; they robbed her of some jewelry and left.
The men were apprehended a few days later. Both provided the police with written statements describing their involvement in the crimes after receiving their Miranda rights and acknowledging their comprehension thereof. Franklin, who was 17 years old at the time of the crimes, filed a pretrial motion to suppress his statement based on the failure of the police to obtain a written, witnessed waiver as required under Florida Rule of Juvenile Procedure 8.290. The trial court denied the motion, finding that the signed and witnessed constitutional rights form complied with the rule.
On 13 October, Owens filed a motion to determine his competence to stand trial and his sanity at the time of the crimes. He was examined by three physicians and, based on their reports, was adjudged competent to stand trial on 6 February 1984. On 19 March, Owens moved for discharge under Rule 3.191 alleging that he had not been brought to trial within the 180-day limit. The motion was denied, the trial court finding that the determination of competency requested by Owens had tolled the speedy trial period. No "written or recorded order" extending the time was entered by the court.
The case proceeded to trial on charges of robbery with a deadly weapon, assault with a knife, kidnapping with intent to commit or facilitate sexual battery and sexual battery using or threatening to use a deadly weapon. Appellants' motions for judgment of acquittal based on the State's failure to prove use of either a deadly weapon or firearm were denied. (Appellants' statements to police each provided that the weapon used was a ".22 blank gun"; the weapon was never located and thus never physically examined to verify this contention.) The jury found them guilty of all counts. Franklin was sentenced to 1000-year terms on all counts with retention of jurisdiction for the first third; Owens received 500 years per count with a similar retention of jurisdiction.
The trial court did not err in denying Owens' motion for discharge under the speedy trial rule. He argues that the court failed to enter a written or recorded order extending the period for purposes of his competency examination, and that the examination itself, under the amended rule, did not toll the time. However, the rule, though amended to eliminate the language that a defendant must be "continuously available" for trial to qualify for discharge, still requires a defendant to be "ready for trial." There is no difference in meaning between the two phrases, and Owens was clearly not ready for trial during his competency determination. See Franklin v. State, 473 So.2d 763, (Fla. 1st DCA, 1985).
*1348 The motions for judgment of acquittal were also correctly denied. It is true that, in McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978), this court held that when a cigarette lighter resembling a gun was pointed at a victim, but not used or threatened to be used as a weapon, it could not be defined as one. Similarly, in M.M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980), a "starter gun" was held not to be a firearm or deadly weapon unless used in such a way as to inflict great bodily harm. However, in neither case did the perpetrators threaten to use their ersatz gun against the victim in a way likely to inflict great bodily harm.
This case is more like T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984), wherein two separate threats to shoot robbery victims with "an object which appeared to be a gun" were held to be sufficient circumstantial evidence to conclude that the defendant had used a firearm. T.T. at 472 (emphasis supplied). Here, the appellants threatened to shoot the cashier twice in the store and a third death threat was made after the sexual batteries. Given these circumstances, the jury could have reasonably concluded that the object used by appellants was a firearm. The motions for judgment of acquittal were correctly denied.
So, too, was Franklin's motion to suppress his post-arrest statement. In State v. S.L.W., 465 So.2d 1231 (Fla. 1985), it was held that the failure to comply with Fla.R.Juv.P. 8.290 does not necessarily render inadmissible inculpatory statements obtained from a child. If the child was informed of his rights and seemed to understand the waiver, it was "knowingly and intelligently given as required by Miranda." The evidence herein demonstrates that Franklin was given a copy of his rights which were read to him and that he acknowledged his understanding thereof in writing. Therefore, the statement is admissible.
However, the trial court erred in sentencing Franklin without ordering a PDR as required by Section 39.111(6)(a) and, while the order arguably mentions many of the criteria established in (6)(c), sentence was obviously imposed without consideration of Section 39.111(6). The sentence is reversed and the case remanded for resentencing. See Franklin v. State, 472 So.2d 1303, (Fla. 1st DCA, 1985), and Franklin v. State, 473 So.2d 763 (Fla. 1st DCA 1985).
Affirmed in part, reversed in part and remanded for resentencing.
LARRY G. SMITH and THOMPSON, JJ., concur.