477 So.2d 56 (1985)
Harry Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-33.
District Court of Appeal of Florida, Fifth District.
October 24, 1985.
*57 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillps, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Judge.
Appellant, Harry Lee Johnson, was charged by information with burglary of a dwelling and grand theft. Subsequently, he entered guilty pleas to the lesser offense of burglary of a structure and to grand theft. Johnson was then sentenced to concurrent terms of five years in prison. On appeal, Johnson contends that he was improperly sentenced under section 39.111(6)(c), Florida Statutes (1983), which allows juveniles to be sentenced as adults, and that the trial court improperly departed from the sentencing guidelines.
Johnson first contends that, as a juvenile, he should not have been sentenced as an adult unless the court conformed in writing with the six statutory criteria specified in section 39.111(6)(c). The state contends that the reasons given in the order entered for departing from the guidelines were adequate grounds for imposing adult sanctions.
In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the Florida supreme court held that the trial court must not only consider the specific statutory criteria pertaining to the suitability of adult sanctions but must also reduce to writing its findings of fact and reasons for imposing an adult sentence on a juvenile.[1] The court remanded the case in Rhoden for re-sentencing even though the juvenile failed to request statutory compliance at trial and also failed to contemporaneously object to the sentence when it was imposed. 448 So.2d at 1016.
In a recent decision, the First District ruled that the criteria in section 39.111(6), Florida Statutes, impose a mandatory duty on the trial court to make a written statement before applying adult sanctions to juveniles. Franklin v. State, 473 So.2d 763 (Fla. 1st DCA 1985). The facts in Franklin indicate that the trial court at sentencing expressed concern over the serious and violent nature of the juvenile's offenses and the need to protect the community from future occurrences of similar conduct but the court was still required to make a factual finding under section 39.111(6). Id.
Johnson also contends that the trial court erred in departing from the guidelines. He argues that the court should not have considered his prior record in departing when the prior offenses had been computed in the scoresheet. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). We do not read the court's reasons that way. The reference to prior offenses was to illustrate *58 the course Johnson's criminal conduct was taking: "[t]hat his offenses are progressing to the violent and dangerous." This explained why the trial court believed that the non-prison sanction provided under the guidelines was inappropriate and would fail to get the message across to Johnson that his conduct would not be tolerated without a prison sanction. We find no error in the court's departure.
The record before us does not indicate a full consideration of the requisite criteria of section 39.111(6) and therefore the court failed to fulfill its mandatory duty. Accordingly, the sentence is reversed and the cause remanded for reconsideration.
REVERSED and REMANDED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] In reaching its decision, the supreme court expressly overruled the following decisions of this court: Glenn v. State, 411 So.2d 1367 (Fla. 5th DCA 1982); Burley v. State, 402 So.2d 73 (Fla. 5th DCA 1981); and Dunman v. State, 400 So.2d 838 (Fla. 5th DCA 1981).