481 So.2d 970 (1986)
Danny Michael TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 85-564.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the question of whether a trial judge may permit a jury to separate and go home overnight after it has commenced deliberation in a non-capital case.
When it became apparent to the trial judge that the jury deliberating an attempted robbery case would be unable to reach a verdict during the evening, the trial judge announced that he would allow the jury to separate and go home overnight. Counsel for the defendant objected. The trial court gave the jury a cautionary instruction not to discuss the case with anyone and not to *971 form or fix any opinion about the outcome of the case until jury deliberations were concluded and then dismissed the jury to reconvene and continue its deliberations the next morning. There is no suggestion of any outside influence on the jury or of any jury impropriety. The defendant appeals, claiming the trial court erred.
In the absence of a definitive supreme court case or rule of procedure, we follow Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, Engle v. Florida, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 75 (1984), and Franklin v. State, 472 So.2d 1303 (Fla. 1st DCA 1985), and hold that it is not reversible error as a matter of law for a trial judge to permit a jury to separate overnight during its deliberations in a non-capital case. Compare Livingston v. State, 458 So.2d 235 (Fla. 1984), and Raines v. State, 65 So.2d 558 (Fla. 1953).
Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) we certify the following question to be of great public importance:
After submission of the cause to the jury for deliberations in the trial of a non-capital case, is it reversible error per se for a trial court to authorize the jury to separate overnight, or for some other definite time fixed by the court, and then reassemble and continue its consideration of a verdict?
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
For the reasons stated in, and on the authority of, Livingston v. State, 458 So.2d 235 (Fla. 1984), I am of the opinion it is reversible error to allow a jury to separate and go home overnight once it has been sent out to deliberate. Should the jury's deliberations entail a break for meals or sleep then they should be sequestered and housed and fed away from any potential or possible outside influence. it is of no real legal significance to me that this criminal proceeding is a non-capital one while Livingston is a capital case. The degree of punishment should not affect the principle.