DAUKSCH, Judge,
concurring specially:
This is an appeal from'an order denying post-conviction relief under Rule 3.850, Florida Rule of Criminal Procedure. The point raised is whether the issue was one of such a fundamental nature as to permit the appellant to raise the issue for the first time by the collateral relief vehicle.
The alleged error complained of was that of allowing a jury to stop its deliberations and disperse to go home and then return the next morning to resume deliberations. Livingston v. State, 458 So.2d 235 (Fla.1984), deemed this procedure to be error in a capital murder case but did not specifically hold it to be error in a non-capital murder case such as this one. In Taylor v. State, 481 So.2d 970 (Fla. 5th DCA 1986), this court held the procedure to be not error in a non-capital, attempted robbery case. Neither case held the error to be fundamental, probably because that question was not before either of those courts. In both of those cases there was an adequate objection and the issue was decided on plenary appeal. Here, there was no objection and the issue was not raised on appeal. This court has previously affirmed the conviction of this appellant. Fowler v. State, 424 So.2d 778 (Fla. 5th DCA 1982).
While I am of the opinion that it was error to allow the jury to separate and go home for the evening and then resume the previously-begun deliberation, I do not consider the error to be fundamental and am of the opinion that Engle v. State, 438 So.2d 803 (Fla.1983), cert. den. 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), supports this position. So, because the issue was not raised on direct appeal and because there was no objection at trial I am of the opinion that appellant has waived the alleged error. Even without the waiver it was not error because this court has so held in Taylor v. State, 481 So.2d 970 (Fla. 5th DCA 1986). I agree with the affirmance.