HUBBART, Judge.
This is an appeal from a final judgment of conviction and sentence for improper exhibition of a firearm. The sole point raised on appeal is that the trial court committed reversible error in this non-capital case in allowing the jury, after lengthy deliberations, to separate for a weekend recess over objection by defense counsel. For the reasons which follow, we conclude that reversible error is presented in this case and, accordingly, we reverse and remand for a new trial.
I
On February 11, 1985, the defendant Jorge Busquet was charged by information with aggravated assault in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant Busquet entered a plea of not guilty, and, on May 2-3, 1985, the case was tried below by a jury. The evidence adduced at trial established that the charged criminal incident arose out of a domestic dispute involving two families. The source of the dispute was that the defendant Busquet’s son began living with a young woman without benefit of clergy. The young woman’s parents became outraged, broke into the apartment where the couple lived, threatened the son with a knife, and resisted arrest when the police arrived. Eventually, the parents were charged with various offenses and were placed on probation.
Shortly thereafter, the defendant’s son went to the young woman’s parents and asked them to pay for the damages to the couple’s apartment caused by their break-in. The parents adamantly refused, and there is some evidence that the father took out a machete and threatened the son; the evidence is in sharp dispute, however, as to what happened thereafter. The young woman’s parents testified that thirty minutes later the defendant Busquet came to their house, apparently to avenge the threat to his son, and pointed a revolver at the father; the parents’ niece corroborated this testimony. The defendant Busquet, on the other hand, took the stand and denied the incident entirely.
At the close of all the evidence, the trial court instructed the jury on the law, and on Friday, May 3, 1985 at 1:00 P.M., the jury retired to consider its verdict. During the next four hours of deliberations, the jury sent back two questions concerning the *1354 court’s reasonable doubt instruction and whether a defendant’s testimony in court was required to be under oath. The trial court responded to both inquiries by rereading the entire jury instruction on the plea of not guilty, reasonable doubt and burden of proof, and by further stating that all witnesses must testify under oath. Shortly after 5:30 P.M., the court brought the jury out and asked if they wished to continue deliberating, or to “take a recess and come either tomorrow or Monday.” The jury responded that it wished to continue its deliberations into the evening. The court then sent the jury back to continue its work.
At 6:55 P.M., after six hours of deliberations, the trial court resolved to bring the jury out and declare a recess. Defense counsel strongly objected to such a recess in view of the length of the deliberations and because “it’s just going to be incredibly difficult for them not to discuss the case with their loved ones or relatives.” The trial court overruled those objections, denied a defense request that the jury be sequestered, and sent the jury home for a weekend recess with the admonition that they were not to discuss the case with anyone during the separation. The jury returned to the court the following Monday at 9:00 A.M. and resumed their deliberations. They deliberated for the rest of that morning, asked the court two separate questions on reasonable doubt, and were twice reread the reasonable doubt jury instruction by the trial court.
Finally, at noon, the jury returned a verdict of guilty as to improper exhibition of a firearm, a lesser included offense. The trial court imposed a sentence of ninety days in the county jail. This appeal follows.
II
It is settled in Florida that a jury separation in the midst of jury deliberations, over defense objection, constitutes reversible error in a capital case, absent a showing of exceptional circumstances:
“We hold that in a capital case, after the jury’s deliberations have begun, the jury must be sequestered until it reaches a verdict or is discharged after being ultimately unable to do so. A separation of the jurors after commencement of deliberations will generally be grounds for a mistrial, save for exceptional circumstances of emergency, accident, or other special necessity. Such a strict rule appears to be necessary in order to keep the attention of the jurors properly focused and concentrated on their deliberations.”
Livingston v. State, 458 So.2d 235, 239 (Fla.1984). The court in Livingston reversed a capital conviction based on a jury separation for a weekend recess in the midst of jury deliberations, over defense objection, even though the trial court instructed the jury prior to their separation against reading, viewing or listening to news reports about the trial. The rationale given by the court for this rule is as follows:
“The reason for such a rule is of course, quite simply, to safeguard the defendant’s right to a trial by an impartial jury. This right is fundamental and is guaranteed by the sixth amendment to the United States Constitution and article I, section 16 of the Florida Constitution. There is no way to insulate jurors who are allowed to go to their homes and other places freely for an entire weekend from the myriad of subtle influences to which they will be subject. Jurors in such a situation are subject to being improperly influenced by conversations, by reading material, and by entertainment even if they obey the court’s admonitions against exposure to any news reports and conversations about the case they have been sworn to try.”
458 So.2d at 238.
The rule is different, however, where the defendant does not object to the separation or affirmatively agrees to it. In that event, the error is not considered reversible absent a showing of fundamental error. In Engle v. State, 438 So.2d 803, 808-09 (Fla. *1355 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984), the court affirmed a capital conviction finding no reversible error for the trial court to permit the jury to separate for an overnight recess where the defendant affirmatively agreed to the separation and the jury was admonished by the trial court prior to the separation not to discuss the case with outsiders, nor read, watch or listen to any media reports on the case. The error in allowing the jury separation was deemed, in effect, waived and, in any event, was not an error of fundamental dimensions.
Although the issue is not free from doubt, we think the above rules apply with equal force to non-capital cases as well; we were strongly inclined to that view in Ulloa v. State, 486 So.2d 1373, 1375 n. 4 (Fla. 3d DCA 1986), and now so hold. We recognize that the Fifth District has held to the contrary in Taylor v. State, 481 So.2d 970 (Fla. 5th DCA 1986), but decline to follow that decision. We reach this result for the following three reasons.
A
First, Judge Dauksch, in our view, is entirely correct in his dissent in Taylor that “[t]he degree of punishment should not effect the principle,” in this area of law inasmuch as the same rationale for the rule in capital cases applies as well to non-capital cases. Taylor v. State, 481 So.2d at 971 (Dauksch, J., dissenting). Plainly, the defendant’s right to a trial by an impartial jury applies to both capital and non-capital cases, and that right is jeopardized just as much by a jury separation during deliberations in a non-capital case as it is in a capital case. Just as there is no way to insulate jurors from the myriad of subtle influences to which jurors may be subject during a jury separation in a capital case, there is equally no way to insulate the same jurors during the same separation in a non-capital case. Jurors in both types of cases are apt to be improperly influenced by conversations with their family and friends, by reading material, and by entertainment — even if they obey the court’s admonitions against deliberate exposure to any news reports and conversations about the case they are sworn to try. These subtle influences do not suddenly go away merely because the case being tried does not carry the death penalty. Stated differently, the rule announced in Livingston is “designed to insure the integrity of the fact-finding process,” Ulloa v. State, 486 So.2d 1373, 1375 n. 4 (Fla. 3d DCA 1986), and, as such, must be applicable to all criminal cases, whether they be capital or non-capital.
Second, Florida courts have long followed the same rule, in capital and non-capital cases alike, where the defendant does not object to a separation of the jury during jury deliberations, to wit: that no reversible error is presented thereby absent a showing of fundamental error.[1] We see utterly no reason for not following the same rule in the same such cases where the defendant does object to the jury separation in question, to wit: that reversible error is presented thereby absent a showing of special circumstances. Livingston v. State, 458 So.2d 235 (Fla.1984). Surely, it makes no sense to apply relevant law of this nature to capital and non-capital cases where the defendant does not object to the jury separation, but decline to apply the same law to non-capital cases where the defendant does object to the subject jury separation and thus preserves the issue for appellate review.
Third, the majority rule followed in other jurisdictions is in full accord with the result we reach today. The Florida Supreme Court stated in Livingston that “the courts *1356 of a majority of states have held, either by statute, court rule, or the common law, that such a [jury] separation [during jury deliberations], especially in capital cases and where the defendant objects, is prejudicial error.” 458 So.2d at 238. In applying this rule, no distinction has ever been made by the majority of courts between capital and non-capital cases for the obvious reason that there is none. Annot., 72 A.L.R.3d 348 (1976 & Supp.1983).
B
Beyond this, it should be noted that there is no rule or statutory authority in Florida, and never has been, for a trial court to allow a deliberating jury to separate for an overnight or weekend recess. Although it is true that Sections 919.01(1), 919.02, Florida Statutes (1953), which specifically prohibited such jury separations, have been repealed, the Florida Supreme Court in Livingston has concluded that “[t]he substance of these two former procedural statutes is now contained, with modification, in Florida Rule of Criminal Procedure 3.370.” Livingston, 458 So.2d at 237. This rule permits jury separations only in two instances: (1) the jury may separate during the course of trial proceedings, prior to final submission of the case, [although the jury may be sequestered in the trial court’s discretion], and (2) the jury may separate after final submission of the case, but before the jury retires to consider its verdict.[2] By implication, then, Fla.R.Crim.P. 3.370 does not authorize a separation after the jury begins its deliberations. The Florida Supreme Court in Livingston has specifically given this construction to the rule:
“While rule 3.370 provides for trial court discretion to allow the jurors to separate after final submission of the cause and before retiring to deliberate, it does not specifically contemplate such a separation in the midst of deliberations. Nor does section 918.06, Florida Statutes (1979), which provides the court with discretion to either sequester the jury or allow them to separate when they ‘leave the jury box,’ specifically allow for such a separation during deliberations. Thus there is no specific authority by statute or rule for the action of the trial court judge.”
458 So.2d at 237. In Livingston the trial court, as here, had allowed the jury to separate for a weekend recess during jury deliberations. Plainly, there is no authority for such a separation under Florida law.
Given, then, the utter lack of authority to permit separations by deliberating juries in any criminal case, it follows that the rule is the same in all criminal cases when a trial court erroneously allows a deliberating jury to separate. When a defense objection is raised to such a jury separation, the error is ordinarily considered reversible, whether the case be capital or non-capital; on the other hand, when no defense objection is raised to the said jury separation, the error is ordinarily considered non-reversible, whether the case be capital or non-capital. To return to Judge Dauksch’s dictum in his Taylor dissent, “[t]he degree of punishment involved [here] should not affect the principle.” Taylor v. State, 481 So.2d at 971 (Dauksch, J., dissenting).
Ill
Turning now to the instant case, we have no difficulty in concluding that the trial court committed reversible error in permitting the jury, after nearly six hours of deliberations, to separate for a weekend recess. The defendant specifically objected to this separation and there are no exceptional circumstances present of emergency, *1357 accident or other special necessity which compelled such a separation. Based on our view of the applicable law, it is plain, then, that the conviction herein cannot stand. The final judgment under review is, accordingly, reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.
DANIEL S. PEARSON, J., concurs.

. Engle v. State, 438 So.2d 803, 808-09 (Fla.1983) (capital case; no fundamental error shown), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984); Raines v. State, 65 So.2d 558 (Fla.1953) (non-capital case; fundamental error shown); Smith v. State, 40 Fla. 203, 23 So. 854 (1898) (non-capital case; fundamental error shown); Ulloa v. State, 486 So.2d 1373 (Fla. 3d DCA 1986) (non-capital case; no fundamental error shown); Franklin v. State, 472 So.2d 1303 (Fla. 1st DCA) (non-capital case; no fundamental error shown), modified on other grounds, 476 So.2d 1346 (Fla. 1st DCA 1985), pet. for review denied, 482 So.2d 348 (Fla.1986).

. Fla.R.Crim.P. 3.370 provides as follows:
“Rule 3.370. Regulation and Separation of Jurors
(a) Regulation of Jury. After the jurors have been sworn they shall hear the case as a body and, within the discretion of the trial judge, may be sequestered.
(b) Separation after Submission of Cause. Unless the jurors have been kept together during the trial the court may, after the final submission of the cause, order that the jurors may separate for a definite time to be fixed by the court and then reconvene in the courtroom before retiring for consideration of their verdict.”