510 So.2d 909 (1987)
Americo JUNCO and Ernesto R. Esquivel, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 82-2138, 82-2201.
District Court of Appeal of Florida, Third District.
February 17, 1987.
On Rehearing August 11, 1987.
*910 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BARKDULL, Judge.
Appellants were tried together and each was found guilty on two counts of second-degree murder with a firearm, attempted second-degree murder, robbery with a firearm, and trafficking in cannabis.
Appellants, along with several other men, all of whom were armed, robbed a warehouse in Homestead where marijuana *911 was being stored. Two warehouse "guards" were killed during the robbery, and another man was injured. Both appellants had left prior to the shootings. A pretrial conference was held where stipulations were made and objections were waived as to certain issues. Neither appellant was present at this conference. The trial then proceeded. During the deliberations, the jury posed several questions and defense counsel waived the presence of appellants while considering said questions. Included in the response to one question was the court's indication that the jury would reconvene the following day if it could not reach a verdict by 10:00 p.m. Counsel for appellant Esquivel agreed to this procedure; counsel for appellant Junco objected, asserting that he wanted deliberations to continue until a verdict was rendered. However, court was reconvened at 10:00 p.m. and in the presence of appellants, the jury was instructed to return at 10:30 a.m. the following day. They were also admonished not to discuss the case with anyone or to proceed with the deliberations until all jurors were present. The verdict forms and notes were then sealed. The following day, after additional deliberations, the jury returned its verdicts of guilty, and appellants were immediately adjudicated by the court. The appellants were duly sentenced. Appellant Junco received the following sentences: three consecutive life sentences for the two second-degree murder convictions and the robbery conviction, followed by consecutive thirty-year and five-year sentences for the attempted second-degree murder and trafficking convictions, as well as four consecutive three-year minimum mandatory sentences for possession of a firearm. Appellant Esquivel received the following sentences: two thirty-year sentences with two three-year minimum mandatory terms for the two second-degree murder convictions with a firearm, all to run consecutively; a concurrent thirty-year sentence for the robbery conviction with a concurrent three-year minimum mandatory; followed by a consecutive fifteen-year sentence for the attempted second-degree murder conviction, with a consecutive three-year minimum mandatory, and a consecutive five-year minimum mandatory sentence for the trafficking conviction. These appeals follow.[1]
Appellants urge reversal upon the following grounds: first, their failure to be present at the pretrial conference or when certain jury questions were answered during deliberations; second, the trial court erred in permitting the jury to separate overnight during deliberations; and third, error in the imposition of three-year minimum mandatory offenses pursuant to section 775.087(2), Florida Statutes (1981) and in enhancing the two second-degree murder and the attempted murder sentences under section 755.087(1), Florida Statutes (1981).
Addressing the first ground, we find no error. At the time trial counsel was faced with this pretrial conference, one of the co-perpetrators of the crimes had become a state's witness, and the voluntariness of the appellants' two confessions had been sustained. Thus, the pretrial conference essentially consisted of legal and administrative matters in which neither appellant would have had any control on input, and therefore, their presence was unnecessary. See MacPhee v. State, 471 So.2d 670, 671 (Fla. 2d DCA 1985).
Furthermore, even though one appellant's theory of defense was that he was not present during the actual homicides, and the other appellant's theory was that he had abandoned the criminal intent at the time he became aware of the contemplated extensive use of firearms, the appellants' presence at the conference would not have made any difference as to the case against them: because the killings were unintentional and occurred during flight from the robbery, the appellants were properly charged with felony murder. State v. Hacker, 510 So.2d 304 (Fla. 4th DCA 1986).
Hence, we find that under all the circumstances, there was no error in the failure to have the appellants present at this pretrial conference or to be present *912 when the court answered the jury's questions during deliberations. The questions were legal definitions. Both counsel consented to the answers and we find no harmful error. Meek v. State, 487 So.2d 1058 (Fla. 1986); section 924.33, Florida Statutes (1985); accord Stano v. State, 473 So.2d 1282 (Fla. 1985).
As to the appellant Junco, we are required to reverse and set aside the verdicts, judgments and sentences, because of the supreme court's recent ruling in Taylor v. State, 498 So.2d 943 (Fla. 1986)[2] (reversible error for jury to separate overnight in a non-capital case where deliberations had begun and defendant had objected to the separation.)
As to the appellant Esquivel, we affirm because he agreed to the jury separation and should not now be heard to complain. Brookings v. State, 495 So.2d 135, 141 (Fla. 1986); Engle v. State, 438 So.2d 803, 808 (Fla. 1983), cert. den., 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984); Busquet v. State, 498 So.2d 1353, 1354-55 (Fla. 3d DCA 1986).
The next ground appellants seek reversal on is their sentences. We address the sentences collectively because the appellant Junco will be subject to retrial and if convicted, resentenced. We find that the consecutive three-year minimum mandatory sentences imposed for possession of a firearm were proper. Although the appellants claim that they did not actually possess a weapon and that possession was never proved, there was undisputed evidence that all the men involved in the incident were armed; a co-defendant witness testified that the appellants each possessed a firearm; the appellants gave confessions admitting possession; and the weapons were seized from appellant Esquivel's house. Thus, there was sufficient circumstantial evidence in the record for the jury to conclude that appellants' possessed firearms. See Meyer v. State, 498 So.2d 554, 557 (Fla. 4th DCA 1986).
Appellants also argue that the three-year minimum mandatory sentences should have been imposed to run concurrently since the offenses constituted one criminal episode. We cannot agree. Appellants rely on Palmer v. State, 438 So.2d 1 (Fla. 1983) and its progeny to support this position. Those cases that the appellants rely on, however, are distinguishable from the instant case.
In McGouirk v. State, 493 So.2d 1016 (Fla. 1986), the defendant, who contended that Palmer applied requiring a concurrent sentence, committed one act of placing a time bomb under an occupied trailer. The Florida supreme court agreed with the defendant's contentions, concluding that the defendant had committed one crime thereby necessitating a concurrent sentence. Likewise in Wilson v. State, 467 So.2d 996 (Fla. 1985), there was one victim who defendant kidnapped, then drove off with and raped. Although the kidnap and rape were separate crimes, the defendant committed both offenses in one given episode  that is, he did not do the rape then leave and return to kidnap the victim. It appears that the kidnapping charge arose from the defendant's act of transporting the victim to the rape site, thus rendering the rape a consequence of the kidnapping. Similarly, in State v. Ames, 467 So.2d 994 (Fla. 1985), the defendant was found to have engaged in one continuous episode where he burglarized the victim's home, then robbed her in one room and raped her in another. In Palmer the supreme court also found that there was one criminal episode since there was one robbery of several people at one time in one place. Finally, in Fowler v. State, 481 So.2d 565 (Fla. 5th DCA 1986), the defendant was found to have engaged in one continuous crime when he committed an armed robbery and then murdered the victim.
In contrast, the supreme court in State v. Enmund, 476 So.2d 165 (Fla. 1985), State v. Thomas, 487 So.2d 1043 (Fla. 1986), and Murray v. State, 491 So.2d 1120 (Fla. 1986) *913 concluded that there was more than one criminal episode occurring in each case, and therefore, consecutive minimum mandatory sentences could be imposed.
In Enmund, a husband was robbed and then both he and his wife were killed. Defendant, an aider and abettor, was the driver of the getaway car and was charged with two first-degree murders and robbery. The supreme court held that because there were two homicides, Palmer did not apply and therefore, defendant could be held to serve consecutive minimum mandatory sentences. Enmund, 476 So.2d at 168.
Likewise in Thomas, the court ruled that there was more than one criminal episode. Defendant attempted murder of a woman inside her home, and while defendant was reloading his gun, the victim fled from the house. Defendant followed, then shot at her again. Her son tried to intercede but was unsuccessful. Defendant was charged with attempted first-degree murder of the woman and aggravated assault of her son. The court found that two separate and distinct offenses had occurred involving two separate and distinct victims, and consequently, consecutive sentences could be imposed. Thomas, 487 So.2d at 1044.
Finally, in Murray, the supreme court approved the district court's affirmance of the imposition of consecutive sentences "in spite of their [the robbery's and sexual battery's] common root in a single criminal episode." In concluding the court stated:
While the entire event could be labeled a "single criminal episode," the sexual battery occurred in one place and constituted one invasion of the victim, while the robberies committed under the threat of gunpoint occurred in other places and represented a separate and additional violation of the victim's most basic rights.
Murray, 491 So.2d at 1124.
The instant case is more analogous to Enmund and Murray. Here, the appellants were not present during the commission of the murders and were consequently determined to be aiders and abettors. Two persons were killed at the warehouse and there was an attempt to murder another person. Although the robbery and murders occurred in the same place, they were sufficiently separate in time so as to constitute two separate offenses. Thus, as in Murray as well as in the Palmer type cases, the entire event in the instant case may be classified as a single criminal episode. Unlike Palmer however, but still like Murray the robbery and the murders occurred at separate times. The robbery occurred while appellants were present in the warehouse while the murders did not take place until appellants had driven away. Therefore, the court properly imposed consecutive sentences.
Turning to the enhancement under section 775.087(1), Florida Statutes (1981) on the robbery charge, we find this would be appropriate because the appellants did actually participate in the criminal offense while in the possession of a firearm, and the circumstantial evidence bears this out.
Therefore, for the reasons above stated, the adjudications and sentences as to the appellant Junco, be and the same are hereby reversed and the matter is returned to the trial court for the purposes of a new trial. As to the appellant Esquivel, in all respects the adjudication and sentences are affirmed.
Affirmed in part, reversed in part.

ON REHEARING GRANTED
All parties have filed petitions for rehearing. We deny the appellants' petition. See State v. Thomas, 487 So.2d 1043 (Fla. 1986); State v. Overfelt, 457 So.2d 1385 (Fla. 1984).
The state on rehearing contends that due to the failure of the public defender to timely prosecute this appeal, the defendant Junco has improperly benefited from a change in the law which occurred far beyond the normal period in which this case would have been otherwise disposed of. To that end, the state requests that we apply the law as it existed prior to the ruling in Taylor v. State, 498 So.2d 943 (Fla. 1986) and hold that failure to sequester the jury in this case, after it had retired to deliberate its verdict, did not constitute error, citing, Engle v. State, 438 So.2d 803 (Fla. 1983); Franklin v. State, 472 So.2d 1303 *914 (Fla. 1st DCA 1985); Tejeda-Bermudez v. State, 427 So.2d 1096 (Fla. 3d DCA 1983). This we cannot do because we are required to apply the law in effect at the time of our decision. See Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla. 1985); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Seaboard System Railroad, Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985).
However, upon revisiting this matter, we find we must recede from that portion of our opinion which reverses the adjudications and sentences for the defendant Junco. Further review shows that Junco has failed to preserve the issue of failure to sequester the jury herein for purposes of appeal. Taylor v. State, supra, recognizes the necessity that such an issue be raised by objection in the trial court to be entitled to argue it on appeal. In order for an argument to be cognizable on appeal, it must be the specific contention asserted as a legal ground for the objection, exception, or motion below. See Tillman v. State, 471 So.2d 32 (Fla. 1985); Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986); Robinson v. State, 498 So.2d 626 (Fla. 1st DCA 1986).
The following portion of the record shows that Junco's counsel's objection to the jury retiring for the evening was based upon personal inconvenience and in no way did it suggest that separation of the jury overnight would prejudice the defendant's right to a fair trial.
THE COURT: I would like this to be on one piece.
Is there by objection to my also adding, "If they believe that they will be able to reach a verdict by 10 o'clock that I would like them to return tomorrow morning to continue their deliberations?"
MR. McWILLIAMS: I object. I would rather them continue through deliberating tonight until they reach a verdict.
THE COURT: I am not going to stay much later [than] that.
MR. QUINON: Ten o'clock? I suggest that we call them and tell them without interrupting them that we'll give them 20 minutes. Why prolong the agony knowing that they are going to come back tomorrow and try.
THE COURT: You don't want me to write it on the note?
MR. QUINON: I'm getting tired here.
THE COURT: That way I won't have to have them out in the court room and have them not know why I am asking this. They will be able to think about it and they can advise us around 10 o'clock.
Do you have any objection?
MS. GURALNICK: Whatever you want to do.
THE COURT: Midnight? Two in the morning?
MR. McWILLIAMS: Yes, I would like that. I don't want to come back.

THE COURT: You can be on call tomorrow. (Emphasis added)
Counsel's objection to a continuance of the jury's deliberations on grounds that "I don't want to come back," does not adequately preserve the specific issue of failure to sequester the jury to permit that issue to be considered on appeal.
Prior to their separation for the evening, the trial court properly admonished the jury not to discuss the case between themselves or any outsider, and our review of the record leads us to conclude that Junco's right to receive a fair trial was not compromised.
Therefore, rehearing is granted, and we recede from so much of our prior opinion as reversed Junco's adjudications and sentences. Based on the foregoing, Junco's adjudications and sentences are hereby affirmed. In all other respects we adhere to our original opinion.
NOTES
[1] These appeals were consolidated for all appellate purposes.
[2] See Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783, 787 (Fla. 1985) (reviewing court required to apply law in effect at time of its decision); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467, 468 (Fla. 1978) (same); Seaboard System R.R., Inc. v. Clemente, 467 So.2d 348, 357 (Fla. 3d DCA 1985) (same).