PER CURIAM.
Appellant seeks to reverse the imposition of adult sanctions on the ground that the trial court did not consider all of the factors enumerated in section 39.111(7)(c), Florida Statutes (1989), before imposing sentence. We affirm.
Appellant pled no contest to charges of burglary and petit theft, and he was adjudicated guilty of those charges. Appellant was seventeen years old when the offenses were committed. Deciding that adult sanctions were appropriate, the court sentenced appellant as a youthful offender and recommended appellant attend boot camp for 18 months, to be followed by three years probation for the burglary charge. On the petit theft charge, appellant was given a sentence of 60 days, which was to run concurrently with the other sentence. The sentencing hearing transcript reveals that prior to the time of sentencing, the court had received the predisposition report (PDR) and the presentence investigation report (PSI). The day after the sentence was imposed, the trial court issued its written reasons for imposing adult sanctions in compliance with section 39.111(7)(d). Appellant makes no argument that the written reasons are in any way insufficient. Although the sentencing court did not read aloud the “checklist” provided in section *1124 39.111(7)(c) during the sentencing hearing, we are unwilling, without any basis in the record, to assume that the trial court did not consider these factors before the decision to impose adult sanctions. Compare, Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989) (sentencing hearing transcript served as written reasons for imposing adult sanctions, but the transcript did not reflect that the court fully considered all the sec. 39.111(7)(c) criteria). We note that appellant did not object to the imposition of adult sanctions on the ground that the court had not reviewed the subsection (7)(c) criteria. Accordingly, the sentence is AFFIRMED.
SMITH, NIMMONS and ZEHMER, JJ., concur.