ERVIN, Judge.
Appellant, Donald W. Hodgson, appeals his convictions and sentences as an adult for attempted murder, sexual battery, and burglary of a dwelling. We affirm the convictions without comment and reverse the sentences for the reason stated below.
Although Hodgson was 17 years old at the time of the offenses, he was tried as an adult because the state directly filed an information against him. Section 39.-04(3)(e)(4), Fla.Stat. (1989). He was convicted and sentenced as an adult to three concurrent 22-year sentences. Section 39.-lll(7)(d), Florida Statutes (1989), requires a decision to impose adult sanctions to be in writing and to conform with the six criteria stated in subsection (7)(c), and requires the court to make specific factual findings to support its decision to impose adult sanctions. The findings of fact may be contained either in the written order or the transcript of the sentencing hearing. Martin v. State, 547 So.2d 998, 1000 (Fla. 1st DCA 1989). In the order at bar, the trial court did not make a finding as to the fourth criterion listed under subsection (7)(c) — the “sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.”
Although the court commented that Hodgson committed the crime in a sophisticated manner, this is not the same as consideration of his sophistication in light of his “home, environmental situation, emotional attitude, and pattern of living.” Because the court heard from Hodgson at the sentencing hearing, it is reasonable to conclude that the trial court did consider his “emotional attitude,” but neither Hodgson nor his psychiatrist or his parents made any mention of his home, environmental situation, or pattern of living. The psychiatrist merely discussed his suitability for a psychiatric facility, and his parents pleaded with the court to send their son to the facility rather than to prison. Although the pre-sentence investigation report mentioned Hodgson’s home, environmental situation, and pattern of living, and the trial judge indicated at the hearing and in his order that he had read the report, this court has specifically held that “mere reference to the [PSI and HRS] reports does not satisfy section 39.111(7)(c) and (d),” but that there must be a written indication in the sentencing order or the transcript that the trial court specifically considered each of the criteria. Martin, 547 So.2d at 1000. Consistent with Martin, the trial court below is directed to consider specifically subsection (c)(4), as well as the other statutory criteria.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for resentencing.
WIGGINTON and WOLF, JJ., concur.