593 So.2d 1147 (1992)
Lewis Edward TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3405.
District Court of Appeal of Florida, First District.
February 11, 1992.
Nancy Daniels, Public Defender, Abel Gomez, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia A. Beisner, Asst. Atty. Gen., for appellee.
*1148 SHIVERS, Judge.
Taylor, a juvenile at the time of the offenses, appeals from a judgment and sentence adjudicating and sentencing him as an adult on two counts of second-degree felony extortion pursuant to Section 836.05, Florida Statutes (1989). His crime was making two telephone calls suggesting that if his girlfriend would drop pending battery charges against him, Taylor's mother would not file statutory rape charges against the girlfriend. Taylor's conviction on both counts is supported by competent substantial evidence and we affirm his conviction. We reverse and remand, however, for resentencing.
After Taylor's conviction, the trial court ordered a pre-sentence investigation (PSI) and a pre-disposition report (PDR). The order finding Taylor suitable for the imposition of adult sanctions states the following reasons: "1. The child is in the adult system for Extortion (two counts). The Defendant has been in the juvenile system on prior occasions for petit larceny, and has not been able to perform within the restrictions imposed by community control. The juvenile system has been unsuccessful in rehabilitating the Defendant. 2. Therefore, the Court concludes that the Defendant is suitable for the imposition of adult sanctions and that the protection of the community requires adult disposition. It is thereupon ORDERED, that the Defendant be sentenced in accordance with adult sanctions." The order fails to meet the express requirements of Chapter 39, Florida Statutes, which sets forth procedures for determining whether adult sanctions are suitable for a child defendant convicted of a crime.
Section 39.111(7)(d), F.S. (1989), requires any decision imposing sanctions to be written, to conform with each of the six criteria enumerated in Section 39.111(7)(c), and to include specific findings of fact and the reasons for the decision. The failure of an order to address one of the criteria, even if the other five are included, requires a reversal and remand. See Franklin v. State, 473 So.2d 763 (Fla. 1st DCA 1985). The order at issue is deficient with respect to several of the statutory criteria. Because we find that the trial court failed to fully comply with Section 39.111(7), we reverse and remand for resentencing. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Wiley v. State, 582 So.2d 169 (Fla. 1st DCA 1991); Franklin; Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989); Banks v. State, 488 So.2d 161 (Fla. 1st DCA 1986). Upon remand, the trial court must consider each of the six criteria listed in Section 39.111(7)(c), and reduce the decision to writing with specific findings of fact and reasons for imposing an adult sanction, in accordance with Section 39.111(7)(d).
REVERSED and REMANDED.
BOOTH and MINER, JJ., concur.