603 So.2d 608 (1992)
Antonio TROUTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-298.
District Court of Appeal of Florida, First District.
July 29, 1992.
Rehearing Denied September 14, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks reversal of the imposition of adult sanctions, on grounds that the trial court failed to consider all of the factors enumerated in section 39.059(7)(c), Florida Statutes (1991). We affirm.
Appellant was charged initially with kidnapping to facilitate a felony, grand theft auto, and aggravated assault with a deadly weapon. Subsequently, he pled nolo contendere to the offenses of false imprisonment and grand theft. These charges arose from an incident in which appellant approached the victim as she was entering her vehicle. He detained the victim with a question, then brandished a large pair of scissors, and informed her that he was going with her. Appellant forced his way *609 into the victim's vehicle, and took her keys. As he attempted to start the vehicle, the victim eluded him and sought help. Appellant was observed fleeing the scene, and was later contacted at his home.
At the sentencing proceeding, the victim provided the court with an account of appellant's conduct since the charged offenses. This account indicated that appellant was enjoying the notoriety generated by his actions, including the nickname "Scissorhands" applied by his peers. The assistant state attorney recited the statutory requirements when imposing adult sanctions in a juvenile proceeding, addressed the serious nature of the instant offense with reference to those requirements, and noted the similarity of the offense in this case to an encounter between appellant and another woman which had taken place the day before this incident.
The trial court noted that appellant had no prior record, but in view of the serious nature of appellant's conduct, the court was persuaded that juvenile sanctions were inadequate to impress upon him the consequences of his actions. The court announced its intention to treat appellant as an adult. Adjudication of guilt was withheld, and the trial court placed appellant on probation for three years. In so doing, the court cautioned appellant that a violation of probation would result in an adjudication of guilt, and thus a criminal record. A written order articulating rationale for imposing adult sanctions was filed three days later.
Prior to a determination whether adult sanctions should be imposed upon a juvenile, the trial court is required to consider the six criteria enumerated in section 39.059(7)(c), Florida Statutes (1991). See State v. Rhoden, 448 So.2d 1013 (Fla. 1984). The decision to impose adult sanctions must be supported by a written order or a transcript containing the requisite findings of fact and reasons for imposing adult sanctions. Hodgson v. State, 590 So.2d 33 (Fla. 1st DCA 1992); Martin v. State, 547 So.2d 998, 999-1000 (Fla. 1st DCA 1989); Stickles v. State, 579 So.2d 878, 879 (Fla. 2d DCA 1991). Failure to address even one of the criteria requires reversal and remand. Taylor v. State, 593 So.2d 1147, 1148 (Fla. 1st DCA 1992).
Application of the six enumerated criteria to the trial court's written order setting forth reasons for imposing adult sanctions indicates that in this case the court considered each factor, albeit not in the express language of the statute.[1] Rather, the factors were addressed briefly but appropriately in the written order with reference to the factual context of this case. For example, factor three, pertaining to whether the offense was against persons or property, was addressed in the court's oral remarks at sentencing and in the written order, by a reference to the premeditated and willful manner in which the primary charge, false imprisonment, was perpetrated. We conclude that a reading in pari materia of the sentencing transcript and the written order demonstrates sufficient, as opposed to rote, compliance with the requirements of section 39.059(7)(c).
Accordingly, the imposition of adult sanctions is affirmed.
ALLEN, J., concurs.
ZEHMER, J., dissents with opinion.
*610 ZEHMER, Judge (dissenting).
The trial court determined to sentence this sixteen-year-old juvenile delinquent as an adult pursuant to his nolo contendere plea to having committed the offenses of false imprisonment and grand theft. The court withheld adjudication and placed appellant on adult probation. Appellant had no prior criminal record and the predisposition report recommended that he be handled as a juvenile and placed on community control. Section 39.059, Florida Statutes (1991), contains specific requirements that must be strictly followed before sentencing a juvenile as an adult. Subsection 39.059(7)(c) lists the six criteria that must be referenced in making such adjudication, and subsection 39.059(7)(d) requires that the "decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria," and that the "court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions." Failure of the written order to comply with these requirements requires reversal. E.g., Taylor v. State, 593 So.2d 1147 (Fla. 1st DCA 1992). I am unable to join in the majority's decision to affirm because the order under review does not address each of the mandatory criteria and thus does not comply with the statutory requirements.
NOTES
[1] The trial court's reasons for the imposition of adult sanctions were stated thusly:

The Court imposed adult sanctions in lieu of juvenile sanctions in this case for the following reasons:
1. The primary charge in this case, false imprisonment, was committed in a premeditated and willful manner and was extremely serious, given that the Defendant perpetrated the false imprisonment with the use of a scissors, which could be considered a deadly weapon. The Defendant is just shy of his seventeenth birthday; however, he demonstrates a certain street sophistication beyond his chronological age.
2. The Defendant has only one prior contact with the juvenile authorities, which was not a serious offense.
3. The period of time available to impose juvenile sanctions is insufficient to adequately protect the community and to afford the Defendant sufficient counseling to ensure his rehabilitation.
4. The imposition of juvenile sanctions are insufficient to impress upon the Defendant the seriousness of this type of action.