JOANOS, Chief Judge.
The juvenile appellant, Kendrick Bernard Hill, seeks reversal of an order imposing adult sanctions. As grounds therefor, appellant contends the trial court failed to comply with the requirements of section 39.059(7)(e), Florida Statutes (1991). We reverse.
Appellant was charged with aggravated battery, a second degree felony. The charge arose from a school bus altercation between appellant and the victim, which altercation continued upon their arrival at school. Appellant obtained a broken beer bottle with which he attempted to cut the victim on her hand. When his effort proved unsuccessful, appellant threw the bottle, striking the victim in the back of the head, inflicting two lacerations which required medical treatment.
On December 9,1991, appellant pled nolo contendere to aggravated battery with a deadly weapon. A predisposition report was prepared, which revealed that appellant’s criminal history consisted of one pri- or felony, an aggravated assault and battery committed on January 30, 1991. On May 7, 1991, appellant was placed on community control under the supervision of the Department of Health and Rehabilitative Services (HRS), as sanction for the prior felony offense. With regard to the offense underlying this appeal, HRS recommended that appellant be handled as a juvenile, adjudicated a delinquent, and committed to the non-residential restrictiveness level, i.e., Field Services Supervised Commitment.
At the sentencing proceeding, the assistant state attorney argued that adult sanctions were appropriate in this case, due to the seriousness of the offense, and appellant’s volatile nature. Counsel further noted that while already under HRS supervision for a violent act against a person, appellant again committed a violent act against a person. The trial court announced its intent to sentence appellant as an adult, withheld adjudication, and placed appellant on adult probation for three years. As a special condition of probation, appellant was directed to undergo mental health counseling, complete his high school degree, and pay restitution in the amount of $54.00. A separate order articulating the rationale for adult sanctions states in pertinent part:
Adult sanctions were imposed on the Defendant for the following reasons:
1. The Defendant committed an aggravated battery against another student in a willful, aggressive and violent manner. His actions required the victim to obtain medical treatment for her injuries.
2. The Defendant is now seventeen years of age and his actions demonstrate a certain street sophistication.
3. The Defendant committed a similar aggravated battery less than six months prior to this offense. Both these offenses demonstrate poor impulse control.
4. Due to the Defendant’s age [17], the duration of juvenile sanctions is not sufficient to provide the counseling services *516 which this Court feels the Defendant needs to change this type of assaultive behavior and to become rehabilitated.
In determining the suitability of adult sanctions in a juvenile proceeding, the trial court is required to consider the six factors enumerated in section 39.059(7)(c), Florida Statutes (1991):
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts;
b. Prior periods of probation or community control;
c. Prior adjudications that the child committed a delinquent act or violation of law; and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children.
A decision to sentence a juvenile as an adult must be reduced to writing, must address each of the six factors enumerated in section 39.059(7)(c), and must include specific findings of fact and the reasons for the decision. Failure to address even one of the criteria requires reversal and remand. Taylor v. State, 593 So.2d 1147, 1148 (Fla.. 1st DCA 1992). See also Hope v. State, 562 So.2d 863 (Fla. 1st DCA 1990); Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989); Franklin v. State, 473 So.2d 763 (Fla. 1st DCA 1985); Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989). The order should address each criterion in separately numbered paragraphs, setting forth findings of fact and reasons for the imposition of adult sanctions.
The order in this case is deficient, in that the trial court’s reasons for imposing adult sanctions are not set forth in sufficient detail. In making this determination, we are cognizant that the decision in Bruchey v. State, 570 So.2d 1123 (Fla. 1st DCA 1990), suggests a less stringent standard than we apply in this case. However, in Bruchey, the issue was whether the trial court considered all of the statutory factors before imposing an adult sentence. Because there was no basis in the record to assume the trial court did not consider the factors before deciding to impose adult sanctions, this court declined to make that assumption. In contrast, our decision in this case is predicated on the insufficiency of the findings set forth in the trial court’s order to comply with the requirements of section 39.059(7)(c), as that provision has been construed by the most recent pronouncements of this court.
Accordingly, the order imposing adult sanctions is reversed and remanded for re-sentencing.
ZEHMER and ALLEN, JJ., concur.