PER CURIAM.
Steven Lopez Trueblood, a juvenile, has appealed the imposition of an adult sentence following his conviction of burglary of a structure. We reverse and remand for re-sentencing.
Section 39.059(7)(c), Florida Statutes (1989) requires that the trial court determine the suitability of a juvenile for adult sanctions by making findings as to six criteria. Before sentencing Trueblood as an adult, the trial judge orally opined only that Trueblood had suffered no consequences following his previous juvenile offenses, and that the judge “[didn’t] know anything else to do” but to impose adult sanctions. The trial judge later entered a written order making five of the required findings, omitting a finding as to section 39.059(7)(c)6. (prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to services and facilities for delinquent children).
Trueblood argues that resentencing is required based on the omission of this finding, and because the written order pertains, not only to the instant burglary offense, but to an unrelated escape charge to which he pled nolo contendere. The state responds that there is no statutory bar to addressing more than one offense in a single written order pursuant to section 39.-059(7)(c). As to the omitted finding, the state cites Troutman v. State, 603 So.2d 608 (Fla. 1st DCA 1992), rev. pending Case No. 80,495, in which the court determined that all required findings had been made by reading the written order and the sentencing transcript in pari materia. The state cites the trial court’s comments at sentencing as constituting the omitted finding.
There is no statutory bar to addressing more than one offense in a single written order pursuant to section 39.-059(7)(c), so long as the findings are specifically correlated to each offense. In this case, the applicability of each written finding to the burglary offense is clear. However, the omission of a single finding, even if the other five are included, requires reversal and remand. Taylor v. State, 593 So.2d 1147, 1148 (Fla. 1st DCA 1992). Although the written order may be read in pari materia with the sentencing transcript to determine if all of the required findings were, in fact, made, Troutman, we find that in this case they were not.
The trial judge herein orally opined that Trueblood continued to break the law because he had not been properly punished in the past, and that he “didn’t know what else to do” but impose adult sanctions. Section 39.059(7)(d), Florida Statutes (1989), requires that the trial court make a “specific finding of fact” as to each of the criteria set forth in section 39.059(7)(c). In our view, the trial judge’s comments as to the past ineffectiveness of Trueblood’s punishments cannot be read as a specific finding that, in future, the public would not be adequately protected and juvenile sanctions would fail.
We therefore reverse the sentence imposed herein, and remand for resentencing. Prior to again imposing adult sanctions, the trial court shall consider all of the criteria set forth at section 39.059(7)(c), and reduce his decision to writing with specific findings of fact and reasons for imposing adult sanctions.
Reversed and remanded for resentenc-ing.
JOANOS, C.J., and ERVIN and BOOTH, JJ., concur.