943 So.2d 884 (2006)
Johnnie HOWARD, Appellant
v.
STATE of Florida, Appellee.
No. 2D05-1043.
District Court of Appeal of Florida, Second District.
November 29, 2006.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
Johnnie Howard appeals his conviction following a jury trial for aggravated battery of a police officer. He contends that a peremptory challenge to an African-American venire member was allowed over his objection that the State had failed to provide a race-neutral reason for the challenge. He also contends that the trial court should have granted his motion for a mistrial because of improper contact during a trial recess between the State's principal witness and a juror.
We affirm without discussion the trial court's finding that the State provided a race-neutral reason for the peremptory challenge. See Melbourne v. State, 679 So.2d 759 (Fla.1996). However, we reverse the conviction because we find that the trial court should have granted Howard's motion for a mistrial based on the improper contact between the witness and the juror.
Deputy Highsmith was the victim in this matter and was the State's principal witness. Following the jury's retirement for deliberation, Highsmith advised the prosecutor that after his testimony he had lunch at the courthouse cafeteria with a lady who he later discovered was a juror in the case. The prosecutor advised the trial court, and Highsmith was put on the stand to be interrogated by both counsel while the jury continued to deliberate. Although Highsmith stated that his conversation with the lady did not include anything regarding the case, the trial court correctly observed that the contact was "entirely inappropriate and entirely improper." *885 The trial court stated that the luncheon conversation "may lead [the juror] to feel his credibility is better than someone with whom she did not have a conversation." The trial court further stated "none of us has any idea what this juror is telling the other jurors in the jury room." Notwithstanding the trial court's concern, he refused to interview the juror.
The trial court invited Howard's counsel to move for a mistrial, which he did. However, the trial court also asked Howard whether he personally wanted a mistrial. Howard responded that he was relying on his lawyer's advice. The trial court then denied the motion out of expressed concern that without Howard's clear personal adoption of the motion, the mistrial would create a double jeopardy issue.
The facts here present good cause for granting a motion for mistrial. The trial court correctly stated that the contact was "improper" and further correctly noted the prejudice to Howard from the improper contact, i.e., "none of us has any idea what this juror is telling the other jurors in the jury room." The trial court was in error to deny the motion for mistrial because of a double jeopardy concern. The general rule is that a mistrial to which the defendant consents will not bar a retrial. See Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). We agree with the statement in Durano v. State, 262 So.2d 733, 734 (Fla. 3d DCA 1972), "[w]e feel the court should have abided by its expressed inclination to grant a mistrial, and therefore the case should be remanded to the lower court for a new trial."
Reversed and remanded.
FULMER, C.J., and NORTHCUTT, J., concur.